GOODWIN *v.* CALUMET SUPPLY COMPANY

[No. 16,403. Filed November 27, 1939. Rehearing denied February 15, 1940.]

*Dan B. Blake,* for appellant.

*Davis & Eichhorn,* for appellee.

DeVoss, C. J.—Appellant filed his application with the Industrial Board of Indiana for compensation for injuries received on the 23rd of September, 1937, arising out of and in the course of his employment by appellee.

A hearing was had before a single member of the Board, who made a finding and award adverse to appellant, and thereafter, upon application of appellant, a review by the full board was had. Upon such review the full board made a finding and award, likewise adverse to appellant, which finding and award is as follows:

"And the Full Industrial Board having heard the argument of counsel, having reviewed the evidence and being duly advised therein, now finds that on September 23, 1937, the plaintiff was in the employ of the defendant at an average weekly wage in excess of $30.00; that on September 23, 1937, plaintiff suffered accidental injuries from which he became disabled and is so disabled at the time of this hearing; that on May 4, 1938, the plaintiff filed his application for the adjustment of a claim for compensation.

"And the Full Industrial Board now finds for the defendant and against the plaintiff on his application, that the disability which plaintiff now suffers is not the result of any accidental injury arising out of and in the course of his employment with the defendant.

"ORDER

"Is is therefore considered and ordered by the Full Industrial Board of Indiana, that the plain-·tiff shall take nothing by his complaint herein and that he shall pay the costs of this proceeding."

From this finding and award appellant prosecutes an appeal to this court and assigns as error, among others, that the final award of the full Industrial Board is contrary to law. This is a sufficient assignment to present all of the alleged errors of which complaint is made.

It is contended by appellant that upon petition filed by appellant the Industrial Board should have certified a question of law to this court. §40-1512 Burns Indiana Statutes 1933, provides among other things that, "The board, of its own motion, may certify questions of law to said Appellate Court for its decision and determination." It is a matter of the Board's discretion as to whether or not a question of law shall be certified to this court, and in the absence of abuse of that discretion this court will not interfere. The alleged question of law presented in the petition to the full board was based on the hypothesis that the facts set out in the question would be established, but the board in its discretion evidently determined that the matter involved was not a question of law upon which they desired or required advice, but one of fact. It is not the duty of the board, merely because a request is filed by one of the litigants, to certify questions of law to this court, but it is left to the sound discretion of the board. If it were otherwise, one of the purposes for which the law is intended would be frustrated, that of a summary and expeditious conclusion of the questions involved. In the case of *Bimel Spoke, etc., Co.* v. *Loper* (1917), 65 Ind. App. 479, 484, 117 N. E. 527, this court, in a ques-

tion involving a certified question of law, said: "The board is the moving party in such instances and primarily, at least, the questions are answered for the information and guidance of the board in any case before it where such question arises."

Appellant further contends that a special finding of facts and conclusions of law thereon should have been made upon request of appellant, and that the findings should show which of the conflicting testimony deserves credit, and should show in some way the basis or reasons of its decision, and that said board failed to make essential findings of facts.

Our Workmen's Compensation Act does not provide for nor require a special finding of facts and conclusions of law thereon by the Industrial Board. §40-1511 Burns Indiana Statutes 1933, provides: "If an application for review is made to the board within seven (7) days from the date of an award, made by less than all the members, the full board, if the first hearing was not held before the full board, shall review the evidence, or, if deemed advisable, hear the parties at issue, their representatives and witnesses as soon as practicable and shall make an award and file the same with the finding of the facts on which it is based and send a copy thereof to each of the parties in dispute, in like manner as specified in the last foregoing section."

In the case of *Matlon et al.* v. *Matlon et al.* (1931), 92 Ind. App. 350, 353, 175 N. E. 369, in passing upon the question of the sufficiency of the facts found this court said: "The act of 1929, §59, says, 'the board ... shall determine the dispute in a summary manner.' The word 'summary' means concise, condensed to the utmost possible degree, performed without formality."

In the case of *Blair et al.* v. *Washington* (1921), 77

Ind. App. 698, 700, 133 N. E. 392, 134 N. E. 503, this court said: "It is not necessary that the board state in its award the method by which it reached its result, and its discretion will not be disturbed by this court unless an abuse thereof appears."

In the case of *Muncie Foundry, etc., Co.* v. *Thompson* (1919), 70 Ind. App. 157, 161, 123 N. E. 196, the court stated the requirements of a legal finding as the basis for an award of compensation to be: "(1) That claimant was an employee. (2) That he received an injury by accident. (3) That the accident arose out of and in the course of the employment. (4) The character and extent of such injury. (5) Claimant's average weekly wage."

It thus appears that before an award for compensation can be made there must be a finding on the question of whether or not "the accident arose out of and in the course of his employment," and that question must be answered in the affirmative. The finding by the board in the instant case on that question is as follows:

"And the full Industrial Board now finds for the defendant and against the plaintiff on his application, that the disability which plaintiff now suffers is not the result of any accidental injury arising out of and in the course of his employment with the defendant."

This is a sufficient finding and the question whether such fact found conforms to the facts actually proven is a matter within the deliberations of the board, and if the evidence does not sustain the facts, appellant still has a remedy in this court.

Reference is made by appellant in his brief relative to some statements made by the hearing member and the full Board that they gave no credit to the testimony of certain witnesses and that the question be-

fore the full board was one of law. We have been unable to find in the evidence any statement to that effect. However, we do find that in the bill of exceptions filed by appellant with the board appears the following: ''The members of the Industrial Board indicated that it was deemed unnecessary to find specially the facts requested, that (as stated by the member who observed the witnesses and presided at the hearing before the individual member) the record was such that even on appeal no credit could be given the testimony of (indicating certain witnesses) and that the Board 'indicated' at the hearing the question before the full Board was one of law.''

It is immaterial whether that statement was or was not made. The fact remains that the board did not certify any question of law to this court.

Appellant contends that the award is contrary to law and not supported by sufficient evidence.

It is the duty of the Appellate Court to consider the evidence, when its sufficiency is challenged, in all appeals from the board, properly presented, for the purposes of 1st, to ascertain whether the evidence is uncontradicted, and thereby a question of law is presented; 2nd, to ascertain whether the evidence sustains the facts on which the finding of the board is founded.

We have read the evidence and find that there is a contradiction on some of the material facts, and consequently no question of law is presented thereby. It is unnecessary to cite the decisions of this court to the effect that this court on appeal from the Industrial Board will not weigh conflicting evidence.

Appellant testified relative to instructions received from appellee as follows:

"Q. Did you receive any special orders?

"A. Well, about four o'clock that afternoon, as I was hauling to the Gary State Bank the shipping clerk, Mr. Willard, told me that there was a complaint on one of the orders that I had delivered in the previous load and for me to go out there in answer to this complaint. I asked him if I should go out with the truck with a load of coal on it. He said 'No, you can answer it on your way home when you go home tonight in your own car.'

"Q. Who give you those orders?

"A. Mr. Willard, Shipping Clerk."

Mr. Willard testified relative to said instructions as follows:

"Q. What did he (appellant) say to you?

"A. As I recall the conversation was somewhat like this. I turned to Mr. Goodwin and asked him what the question was or did he recall any reason why she should complain of shortage of change or difference of change there and his reply was that he could not understand it. So I explained to him that this lady was over at our other yard and the girl was on the wire then, calling me in regard to this difference of change and he still could not explain it and proceeded to empty his pockets to show me that he had only 35 cents in his pocket so therefore he could not have had the $1.00. So, in order to clear the matter up I turned to the girl on the phone and told her that we would adjust the matter with this Mrs. Reba and then turned to Harold and rather than make it embarrassing for him on any question of short change or difference of change, I turned to him and told him to adjust the matter, take care of it himself. I would leave it up to him to take care of and that was the last of the incident that I recall and I assumed he would take care of the matter.

"Q. Did you tell him as to when he should go out and take care of that?

"A. I don't recall of giving him a direct specific order as when or how he should do it. I ex-

plained to him that it was up to him to take care of it to see that it was adjusted. It was a question of his making up the difference. In my opinion I thought it would be less embarrassing to turn it over to him.''

Appellant testified that the accident happened at six-thirty or a quarter-to-seven.

There is testimony in the record to the effect that appellant visited a place in Gary where liquor was sold; that he came there on the day of the accident at about six o'clock P. M.; that he consumed a half-pint of liquor, some beer and pop, and that he stayed about an hour.

Mrs. Reba, the party at whose house appellant says he called, testified that on the day in question she did not see appellant, that she might have been away from home part of the time that evening but that her husband and daughter were there but neither of them told her anyone called.

There is also testimony to the effect that the accident was on the usual line of travel from his place of employment to the home of appellant.

We are not of the opinion that the evidence is of such conclusive character as to force a conclusion contrary to the finding and award of the board.

Award affirmed.

Curtis, J., not participating.