SOETJE & ARNOLD, INC. *v.* BASNEY ET AL.

[No. 27,555.   Filed May 19, 1941.]

*White, Wright & Boleman* and *John A. Bachl,* all of Indianapolis, for appellant.

*Orville W. Nichols,* of Knox, for appellee.

SWAIM, C. J.—Appellees, the widow and minor child of James F. Basney, deceased, filed a proceeding under the Workmen's Compensation Act, § 40-1201 et seq., Burns' 1940 Replacement, § 16377 et seq., Baldwin's 1934, for adjustment of their claim for compensation for the decedent's death, which they alleged resulted from injuries received by him in an accident "arising out of and in the course of his employment" with the appellant.

The full Industrial Board made a finding that the accident did arise "out of and in the course of his employment" and made an award to the appellees accordingly. This award was reversed by the Appellate Court on the ground that the evidence did not support the finding.

No question is raised as to the petition to transfer being sufficient to invoke the jurisdiction of this court.

The sole question for our consideration is the correctness of the conclusion of the Appellate Court that there was no evidence to support the finding. In determining this question we must bear in mind that under the law it is the province of the Industrial Board to hear and weigh the evidence, thus determine the evidentiary facts, and from such facts draw reasonable inferences to arrive at the ultimate fact. The finding of the ultimate fact becomes a question of law, for the determination of the court, only in case there is no

conflict in the evidence and where there can be only one reasonable inference drawn from the evidentiary facts established by the uncontradicted evidence. *Shepherd* v. *Washington Park Cemetery Assn.* (1933), 97 Ind. App. 455, 186 N. E. 356.

In the instant case in determining whether the evidence supports the finding that the accident arose out of and in the course of the decedent's employment, we must disregard all evidence which is unfavorable to the finding of the Industrial Board and consider only the favorable evidence and reasonable inferences supporting such finding. *Morgan* v. *United Taxi Co., Inc.* (1938), 105 Ind. App. 340, 14 N. E. (2d) 736.

The facts relative to this question as shown by the evidence most favorable to the contention of the appellees and to the finding of the Industrial Board were as follows:

The accident out of which the injuries resulting in decedent's death arose, occurred about 8:30 o'clock p. m. Central Standard time, on September 15, 1939, when the automobile which decedent was driving collided with a railroad flasher signal on state highway number 35 just north of the town of Kingsbury, Indiana. The decedent lived in Knox, Indiana, about twenty miles south of the scene of the accident. On the day of the accident and for about three years prior thereto he had been employed as a salesman by appellant Soetje & Arnold, Inc., a corporation which owned and operated a Ford sales, service, and garage business in LaPorte, Indiana. The appellant's place of business had been located in Knox until about a month prior to the accident when it was moved to LaPorte. Under his employment for the appellant, decedent sold old and new cars, trucks and parts, solicited service for the appellant's

garage, collected and accepted payments on accounts, and solicited tow-in and service business on wrecked automobiles which he discovered on the highway as he was driving about in the vicinity of Knox and LaPorte. He worked in the vicinity of Knox as well as around LaPorte, representing the appellant in "business transactions with the garage men and others in the vicinity of Knox, furnishing parts, replacing parts they would need," delivering new parts and picking up the old exchange parts. He ordinarily left his home in the morning between 7:30 and 8:00 o'clock. When working in and around LaPorte he usually left appellant's agency to go home in the evening between 9:30 and 10:00 o'clock. The automobile which the decedent used in his work and in going to and from his home was a "demonstrator" which belonged to the appellant corporation. Pursuant to the contract for employment the appellant furnished the gas and oil, license plates, and other operating expenses on the automobile. The decedent and the appellant each paid one-half of the monthly finance payments on the automobile. On the day before he was killed the decedent called on a customer, C. M. Patty, at Hamlet, Indiana, concerning the sale to Patty of a cab for his truck. The decedent told the customer he thought he could get him the type of cab desired for a certain price in Chicago and, in answer to the customer's statement that he was in a hurry for the cab, the decedent said to him, "I will let you know tomorrow." On the next day the decedent drove the appellant's truck to Chicago, secured a cab for Patty and returned to LaPorte about 5:00 o'clock in the afternoon. After finishing dinner with two of the officers of the appellant corporation, about 6:30 o'clock p. m., he told them he was going home early that evening to see if his wife had followed his instruc-

tions and gone to a doctor concerning a sty on her eye from which she had been having trouble.

Later, about 8:50 o'clock p. m. Daylight Savings time, the decedent left the appellant's agency and the accident occurred approximately one-half hour thereafter about six miles south of LaPorte at a point which was on a direct route both to the town of Hamlet, where Patty the customer lived, and the town of Knox, where the decedent lived. One of the officers of the appellant testified that the decedent was their most trusted employee; that he tried to complete sales to the satisfaction of the customer; and that if he made a promise to a customer he would fulfill that promise.

The customer, Patty, testified that prior to the time of the accident he had not been informed by the decedent or by any one else representing the appellant that the decedent had secured the truck cab.

In determining the question of whether the decedent was in the course of his employment with the appellant when the accident occurred, we have a different situation from that of a man working by the hour, or by a day of so many hours in a certain place. Here the decedent was apparently accustomed to performing duties for the appellant, and concerning the appellant's business, during any hour of the day or night if the occasion arose. His widow testified, "You might say he was working 24 hours a day." Nor were his duties limited to the premises of the service agency of the appellant. Many of the duties of his employment were performed in and about Knox, Indiana, in the automobile on which appellant paid the operating expenses. At least one of his duties, to solicit tow-ins and repair service on wrecks, was "on him at all times when he was driving on the highways." *Williams* v. *School City of Winchester* (1937), 104 Ind. App. 83, 90, 10 N. E. (2d) 314.

From this evidence the Industrial Board might reasonably infer that the accident arose out of and in the course of decedent's employment.

The award of the full Industrial Board is affirmed.

NOTE.—Reported in 34 N. E. (2d) 26.