CARNEGIE-ILLINOIS STEEL CORPORATION *v.* FLACK

[No. 17,423. Filed December 19, 1945. Rehearing Denied January 11, 1946. Transfer Denied March 4, 1946.]

*White, Wright & Boleman,* of Indianapolis, and *Knapp, Cushing, Hershberger & Stevenson (Harlan L. Hackbert,* of counsel) all of Chicago, for appellant.

*Winston T. McGehee,* of Gary, for appellee.

ROYSE, P. J.—This is an appeal from an award of a majority of the Full Industrial Board against appellant granting appellee compensation for the death of her husband who was an employee of appellant at the time of his death.

The majority of the Board found that Ernest Flack, appellee's decedent, on August 24, 1943, was in appellant's employ at an average weekly wage of $48.00; that on said date he sustained personal injuries in an accident arising out of and in the course of his employment, of which appellant had knowledge; that said injury was sustained when decedent was trying to adjust a light hanging over his head, and in so doing he came in contact with a wire carrying 200 or 300 volts

and received a shock from the current of electricity and died immediately.

It was further found that prior to receiving the electric shock the decedent was suffering from sclerosis of the left coronary artery; that the shock sustained by decedent from said electric current accelerated and aggravated the sclerosis of the left coronary artery from which he was suffering and culminated in his death sooner than his death would have occurred in the normal development of the disease.

The appellant appeals to this court on the statutory ground, that the award of the Industrial Board is contrary to law.

Appellant's contention here is that there is no competent evidence to sustain the finding that the decedent received any electrical shock whatever or the finding that any electrical shock he might have received was of sufficient intensity to aggravate a pre-existing sclerotic condition of the heart and thereby accelerate his death.

In support of its contention appellant first asserts that since the decision of the Supreme Court in the case of *Warren* v. *Indiana Telephone Company* (1940), 217 Ind. 93, 26 N. E. (2d) 399, it is the duty of this court to weigh the evidence and determine the credibility of witnesses. That case does not so hold. On the contrary, in speaking of the duty of a reviewing court in these cases, the Supreme Court, on page 118, said: "nor will the reviewing tribunal *weigh conflicting evidence; enter into the field of determining the credibility of the witnesses;* or consider an exercise of discretion, in the absence of a showing of an abuse thereof. These matters are the peculiar responsibility of the hearing agency." (Our emphasis.)

In *Soetje & Arnold, Inc.* v. *Basney* (1941), 218 Ind. 538, 34 N. E. (2d) 26, the Supreme Court expressed the

rule in these words: "in determining whether the evidence supports the finding . . . we must disregard all evidence which is unfavorable to the finding of the Industrial Board and consider only the favorable evidence and reasonable inferences supporting such finding."

Applying the foregoing rules to the instant case, while there is a conflict in the evidence, there is evidence the decedent received an electric shock in repairing an electric light while engaged in his work for appellant. Appellant made an attempt to impeach the testimony of the witness who gave this testimony. As heretofore indicated, it is the prerogative of the Industrial Board to determine the credibility of witnesses. There is evidence that at the time he received this shock he was suffering from sclerosis of the left coronary artery and the twigs of the coronary artery; that when a person has such a condition an electric shock such as decedent received would ordinarily cause an acceleration of the disease resulting in death sooner than would normally happen. An autopsy disclosed the luminal was not completely closed, and unless there was a spasm some blood could still pass through it. It was shown electric shock causes spasm.

We do not believe the questions propounded by the hearing member to appellant's doctor on the question of acceleration indicated prejudice.

We are of the opinion the evidence was sufficient to sustain the questioned findings, and therefore the award of the Industrial Board is not contrary to law.

The award is affirmed with the statutory penalty.

NOTE.—Reported in 64 N. E. (2d) 167.