GEORGE *v*. INTERSTATE METAL PRODUCTS, INC.

[No. 18,655. Filed May 6, 1955.]

*Robert J. Salek* and *John B. Dilworth,* of counsel, both of LaPorte, for appellant.

*James V. Donadio, Geoffrey Segar* and *Ross, McCord, Ice & Miller,* of counsel, all of Indianapolis, for appellee.

KENDALL, J.—Appellant filed application before the Industrial Board alleging that on the third of October, 1951 (corrected date) she received personal injuries by reason of an accident arising out of and in the course of her employment with appellee company. Hearing was had before Single Member of the Board, resulting in an award favoring appellant. Upon appeal, the Full Board unanimously reversed the award of Single Member, from which award appellant appeals to this court.

The error relied upon is that the award of the Full Industrial Board is contrary to law. The award is:

"The Full Industrial Board of Indiana having heard the arguments of counsel and having reviewed all the evidence in said cause and being duly advised in the premises therein, now finds: That plaintiff was in the employ of the defendant on or about the 3rd day of October, 1951, at an average weekly wage in excess of $45.

"It is further found that at the present time plaintiff is afflicted with a back condition, which said affliction is due to causes wholly unrelated to her employment with the defendant herein.

". . . ."

When appellant filed her application, it was her theory that her disability arose from a single act on October 3, 1951. It is apparent that during the progress of the hearing, the original theory was abandoned and a new one adopted, viz.: that appellant's disability arose over a period of time while employed by the appellee company and now contends on appeal that it is not necessary that there be a specific accident, but if an injury occurs over a period of duration of employment that in itself is sufficient to give rise to an accident within the meaning of the Indiana Workmen's Compensation Act. In order that there be a personal injury by accident, it is paramount that there be some untoward or unexpected event. It is contended by the appellant that there is no finding by the Full Board as to the injury and loss of time claimed by the appellant in her original application. When the Industrial Board, by its order of award denies compensation, it is not necessary for the Board to specifically find on each element presented to sustain the award. This appeal is from an award denying compensation. Here the Board found that appellant was in the employ of appellee on October 3, 1951, at $45.00 per week; that at the present time she was afflicted with a back injury, which affliction was due to causes

wholly unrelated to her employment. This is a sufficient finding upon which to base an order denying compensation. *Sauer* v. *Tower Mfg. Co.* (1932), 94 Ind. App. 81, 179 N. E. 801. Notwithstanding, failure to find a fact is equivalent to a finding against the party having the burden of proof.

In the case of *Myers* v. *Oak Hill Coal Co.* (1937), 103 Ind. App. 158, 5 N. E. 2d 653, the Board made an award similar to the one in this case which was challenged on similar grounds. In deciding, the court said as follows:

"In answering appellant's contention we must remember that the burden of establishing each fact necessary to a legal award of compensation rests on the applicant. *Union Sanitary Mfg. Co.* v. *Davis* (1917), 64 Ind. App. 227, 115 N. E. 676." See also *Goodwin* v. *Calumet Supply Company* (1939), 107 Ind. App. 487, 23 N. E. 2d 602.

We cannot adopt appellant's theory that the mere fact she worked for appellee during the period of time in which her disability arose is sufficient to sustain the burden of proof as to the occurrence of the accident within the meaning of the Act.

To adopt that theory would be to disregard the very purpose of the Workmen's Compensation Act. Appellant cites the case of *Indian Creek Coal, etc. Co.* v. *Calvert* (1918), 68 Ind. App. 474, 120 N. E. 709, 119 N. E. 519, which contains a discussion as to what constitutes an accident. We do not interpret that case as in any sense abandoning the well-known rule that in order to show an accident there must be some untoward or unexpected event.

One of appellant's doctors testified that she gave him a history that on October 4, 1951, she felt something give away while lifting sheets of heavy steel. There is evidence that this incident was accompanied

by pain in the area injured which persisted to the date of examination. Unquestionably, if this was the only uncontradicted evidence, the appellant would have shown a personal injury by accident. Such is not the fact. In relating the history of the case to her physician, she denied she had any such prior difficulty prior to October 1, 1951.

Doctor Heck, an Ortheopedic Surgeon, witness for appellant, testified as follows:

"Q: When you saw her Doctor, on the 7th of January, 1953 and was taking the history from her, did you interrogate her wiether or not she had any prior difficulty or trouble with her low back or lower extremities?
"A: Yes, sir.
"Q: What answer did she give?
"A: She denied any prior difficulty to the date of this alleged accident."

The doctor further testified that it would have been significant for him to have known of any prior difficulties with appellant's low back or lower extremities. In this connection, the doctor answered as follows:

"Q: Do you have any judgment as to how long what you saw on Plaintiff's Exhibit 'A,' with respect to the transverse type of lateral joint in the lumbar sacral area had existed?
"A: For a long time.
"Q: In other words that is a congenital defect?
"A: I think congenital development.
"Q: It was a condition there long prior to October 4, 1951?
"A: Yes, sir.
" . . .
"Q: And the only reason that you ascribe her situation or condition to the October incident is because she gave you a history of it, that right?
"A: She gave a history of a specific injury, which we assumed to be a correct history, yes.

"Q: Nor you could not see anything on the x-rays that you would directly say were of some significant finding from a medical orthopedic standpoint that the unstable joint came from injury, could you?

"A: No, sir.

"Q: Nor from your physical examination?

"A: No.

"Q: So of necessity you relief on the story she gave you?"

Appellant's doctor was asked that if he had been given a history showing prior back difficulties and that the appellant did not remember any specific act, or acts, or lift that caused her trouble to start, if such facts would have any significance in determining whether the instability of appellant's back could have been caused by a specific act which the appellant claimed occurred on October 3, 1951, resulting in pain with a tearing sensation in the back. The doctor answered, "That is a different story than I have in my record. I do not think it would influence the findings and outcome but would raise a point of conjecture as to causation."

There was sufficient evidence of probative value from which the Full Board could have and did find that appellant's doctor relied upon the history given to him in arriving at an opinion as to the causation as to her difficulties.

Appellant testified that on the first day of October, 1951, she was lifting some heavy gauge steel and that about fifteen to twenty minutes before quitting time, she went to pick up a piece of steel off of the floor, put it on a table and had a sharp pain in her back; that appellee's foreman was standing there at the time and that she told him she had hurt her back. Appellant testified on cross examination that she had been to Doctor Harris for a backache on August 29, 1951, and that on that date she complained of pain in her arm

and back. This type of evidence is in conflict to the history given to appellant's own doctor. A co-employee, with whom appellant worked, testified that during the period they worked together the appellant did not tell him that she had hurt her back while working for appellee company but did testify she had told him that her back hurt. The evidence was also conflicting on the number of sick leaves which appellant had been off work from appellee company.

The burden of proving that the injury arose out of an accident while in the course of employment rested on the appellant. When considered with the history as given by appellant to her doctor, the doctor's testimony that those facts presented in question herein-referred to would raise a conjecture as to his conclusion, and, when considered with appellant's testimony as to no specific incident occurring in the course of employment, there is ample evidence from which the Board could find that she did not sustain the burden of proof. We cannot say there is no evidence of probative value to support the finding and award. It is well settled that this court is bound by the Industrial Board's finding of fact where the evidence is conflicting. If the Industrial Board had found otherwise and that appellant's difficulties had arisen out of an accident following the course of her employment— we would have likewise been bound by such finding.

The Industrial Board may not only weigh the evidence but may also draw reasonable inferences from such facts as it seems established thereby. It is well settled that when the Industrial Board has discharged its duty in this regard and has reached a conclusion as to the ultimate facts which have or have not been established and has embodied such conclusions in a finding of facts as required by

statute, this court must accept the facts so found as true, unless the evidence is of such conclusive character as to force a contrary conclusion. In order to reach a contrary conclusion, we may not weigh the evidence nor may we disregard any reasonable inference which the Industrial Board may have drawn from the facts which the evidence tends to establish. *Myers* v. *Oak Hill Coal Co., supra; Swing* v. *Kokomo Steel, etc. Co.* (1919), 75 Ind. App. 124, 125 N. E. 471.

The evidence is conflicting and is susceptible to more than one conclusion; therefor, we cannot say that the finding and order of the Industrial Board is contrary to law.

Award affirmed.

NOTE.—Reported in 126 N. E. 2d 258.