304 N.E.2d 355 (1973)
Gene WOLF, Appellant,
v.
PLIBRICO SALES & SERVICE COMPANY and Liberty Mutual Insurance Company, Appellees.
No. 2-673A148.
Court of Appeals of Indiana, Third District.
December 11, 1973.
Frank A. Webster, Fort Wayne, for appellant.
Leonard E. Eilbacher, Fort Wayne, for appellees.

ON APPELLEES' PETITION FOR REHEARING
PER CURIAM.
The appellees have filed herein their Petition For Rehearing addressed to our opinion handed down on October 16, 1973, 301 N.E.2d 756. The first paragraph of appellees' Petition alleges, in part:
"1. The Court, at page 2 of its published opinion erroneously recited the critical factual issue in the case as `... but on July 9, 1971, he experienced a sharp pain while working in the furnace ...' ..."
We have carefully examined the record and find that the appellees' assertion is correct. Only in appellant's Form 9 application and in the testimony of Dr. Biery in his recitation of the history given to him by appellant, is there any reference to the appellant experiencing any sharp pain on July 9, 1971. The appellant's testimony concerning the matter, repeated several times through the transcript, and set out in our original opinion, can be summarized as follows: That as a result of working in a kneeling or a bent over position in a confined area my back started hurting and finally on July 9 my back was killing me and *356 "I just couldn't stand it any longer". We therefore correct our original opinion by deleting from the second paragraph of page two the words "he experience a sharp pain while working in the furnace and".
With this correction we re-affirm our original opinion and its reliance on the case of Rankin v. Industrial Contractors, Inc. (1969), 144 Ind. App. 394, 246 N.E.2d 410. In our view, the fact situation in Rankin supporting the determination of an accident in that case, namely the repeated jolting of the plaintiff in a forklift truck, is applicable to this case, in which the accident consisted of repeated strain to appellant's back occasioned by his working in a kneeling or bent over position in a confined area only 28 inches high, resulting in a severe lumbosacral sprain. We therefore reassert our original statement that the testimony given leads to the conclusion that the appellant's injury directly resulted from an "incident" or "accident" in the course of and arising out of the scope of his employment.
The appellees' Petition For Rehearing is denied.