INLAND STEEL COMPANY *v.* WILLIAM ALMODOVAR.

[No. 877S604. Filed August 24, 1977.]

*Joseph E. Tinkham, James E. Schreiner, Travis, Tinkham & Schreiner,* of Hammond, *Karl J. Stipher, Robert J. Bremer, Baker & Daniels,* of Indianapolis, for appellant.

*Clifford and Murphy,* of Merrillville, for appellee.

## DISSENTING OPINION

PIVARNIK, J.—I dissent to the denial of transfer in this cause for three reasons:

1. The finding of the Court of Appeals contravenes the finding of the Supreme Court in the last time it spoke on

this subject in *United States Steel* v. *Dykes*, (1958) 238 Ind. 599, 613, 154 N.E.2d 111, 119. *See also* the opinion of the Court of Appeals in *Rivera* v. *Simmons Co.*, (1975) 164 Ind. App. 527, 329 N.E.2d 39, and cases cited in Judge Buchanan's dissent in the Court of Appeals.

2. The majority opinion seems to have been based on the fact that there was aggravation of a pre-existing condition in Almodovar's back. It is true we cannot look, on consideration of a petition to transfer, to the facts found either by the Industrial Board or those on which the Court of Appeals based its decision. However, petitioner's brief states that there was no claim by the plaintiff in this case of any pre-existing condition nor any aggravation of any pre-existing condition, nor was there any evidence by plaintiff to support the same. If there was no evidence presented to the Board to make a finding of aggravation of pre-existing condition, then, of course, neither the Board nor the Court of Appeals would have a basis on which to make such findings.

3. The majority opinion of the Court of Appeals again fails to give evidence, as to its grounds for denying Inland credits for money expended for hospital and medical expenses. The opinion uses the language only that the response of plaintiff was ambiguous. From the facts set out in the record we have before us, particularly in the brief of petitioner which does not appear to be contradicted anywhere in this record, the stipulations are anything but ambiguous. It appeared that both parties stipulated as to the amounts and that Inland was to receive full credit for these amounts in the event that there was an award.

Prentice, J., concurs.

NOTE.—Reported at 366 N.E.2d 169.