AGATHA CALHOUN *v.* HILLENBRAND INDUSTRIES, INC.

[No. 1178S247. Filed November 2, 1978.]

*John Jeffrey Cornette,* of Lawrenceburg, for appellant.

*Edward J. Ohleyer, Phillip R. Scaletta, Ice Miller Donadio & Ryan,* of Indianapolis, for appellee.

PIVARNIK, J.—This cause comes to us on a petition to transfer from the First District of the Court of Appeals. The Full Industrial Board of Indiana denied a claim for an award by appellant-claimant, Agatha Calhoun, under the Workmen's Compensation Act. The denial of the award by the Industrial Board was reversed by the Court of Appeals.

*Calhoun* v. *Hillenbrand Industries, Inc.*, (1978) Ind. App., 374 N.E.2d 54.

The sole question presented for review is whether the decision of the Industrial Board is contrary to law.

The facts relevant to a determination of this case are as follows. Doctor Berning discovered, in December of 1976, that Calhoun had an abnormal enlargement of a disc between two of the lumbar vertebrae, and that she had abnormal knee and ankle reflexes. Doctor Berning testified that any kind of bending, lifting, or falling motion where a pressure was exerted on the back in a certain way could cause the type of back injury which Calhoun had suffered. The issue arose here in that Calhoun now relates the first occurrence of any back pain to April 2, 1976, while she was working for Hillenbrand Industries. The Court of Appeals has accepted as fact that Calhoun reported to her supervisor, Carl Moeller, on April 2, that her *back* was hurting her and that she wanted to go home early for that reason. However, the testimony of Calhoun before the Board in this case was that she told Moeller that she wanted to go home because her *kidney* was bothering her, and she found it necessary to go to the bathroom an inordinate number of times in the morning. She admits she did not tell her foreman at any time that her back hurt her, or that she had hurt her back while lifting the box of runners from the bin. Moeller testified that prior to April of 1976, Calhoun had complained at times that her back was bothering her. Moeller also testified that Calhoun had told him that a doctor had told her that she had arthritis in her back. Other employees working with Calhoun testified that she had told them that she had an arthritic condition in her back, and that she had felt pain sometimes from it.

Calhoun told Nellie Strietelmeier on June 22, 1976, according to the latter's testimony before the Full Industrial Board, that she did not remember doing anything in particular on April 2, 1976, which brought on the pain in her back. She

did not tell her doctor until January of 1977 that she first experienced back pain on April 2, 1976. Her characterization seemed to be that while she was doing her work her back started hurting her, and her testimony was that this was the first time she had any pain in her back.

The Industrial Board found that from all of the credible evidence there was no specific time or incident that could be pointed to that would cause the pain in plaintiff's back. The Board further found that plaintiff did not sustain an accident or untoward event arising out of and in the course of her employment. Included in its decision the Board made the finding: "That while performing said occupation her back at some time became painful." On the basis of this record, the Court of Appeals made the finding and conclusion that two reasonable inferences are possible. Either: (1) Calhoun's back was injured while she was performing her normal work duties on the day which the pain commenced, or; (2) her back injury was attributable to the gradual wear and tear from bending and lifting during the performance of her normal work duties, and it manifested itself on the day the pain commenced. *Calhoun, supra,* 374 N.E.2d at 56.

In *Soetje and Arnold, Inc.* v. *Basney,* (1941) 218 Ind. 538, 539-40, 34 N.E.2d 26, 27, this court held:

> "[I]t is the province of the Industrial Board to hear and weigh the evidence, thus determine the evidentiary facts, and from such facts, draw reasonable inferences to arrive at the ultimate fact. The finding of the ultimate fact becomes a question of law, for the determination of the court, only in case where there is no conflict in the evidence and where there can be only one reasonable inference drawn from the evidentiary facts established by the uncontradicted evidence."

The *Soetje* case well expresses the long established and recognized rule that the trier of the facts makes the determination of what the facts are when reasonable men could differ on them, and that such trier of facts, including the Industrial Board in this case, has the right to

disbelieve a claimant's testimony in the face of other testimony which it does weigh and believe. *See also Wilson* v. *Chevrolet Commercial Body,* (1977) Ind. App., 367 N.E.2d 11, *trans. denied.*

There is no evidence whatsoever in the record that wear and tear because of intermittent bending processes in Calhoun's work caused or could have caused the condition she had in her back. In *American Maize Products Co.* v. *Nichiporchik,* (1940) 108 Ind. App. 502, 29 N.E.2d 801, relied on by the Court of Appeals, there was evidence that the particular apparatus used by the claimant produced certain violent trauma to his hands that had the result over thirteen years of causing a disabling condition to exist. The *American Maize* court found that under those circumstances, the claimant was not bound to show the resultant injury and damage was due to one particular blow which produced the particular injury. *See also Wolf* v. *Plibrico Sales & Service Co.,* (1973) 158 Ind. App. 111, 301 N.E.2d 756, *reh. denied,* (1973) 158 Ind. App. 111, 304 N.E. 2d 355, *trans. denied. Rankin* v. *Industrial Contracts Inc.,* (1969) 144 Ind. App. 394, 246 N.E.2d 410, *trans. denied.* If, indeed, the evidence in this case does give rise to an inference that there was a normal wear and tear on Calhoun's back that caused her resultant injury, that inference was to be drawn by the Industrial Board and not by the Court of Appeals or this court. There was ample conflict in the evidence for the Industrial Board to draw inferences in either direction, and it is not our province to second guess them. *Lincoln* v. *Whirlpool Corporation,* (1972) 151 Ind. App. 190, 279 N.E.2d 596; *C. E. Trucking Corporation* v. *Stahl,* (1962) 135 Ind. App. 600, 181 N.E.2d 21, *trans. denied. Pittsburgh Testing Laboratories* v. *Kiel,* (1960) 130 Ind. App. 598, 167 N.E.2d 604; *Lasear, Inc.* v. *Anderson et al.,* (1934) 99 Ind. App. 428, 192 N.E. 762.

It is well settled under our law that in order to show an accident there must be some untoward or unexpected event.

It has been further described as an unlooked for mishap or untoward event not expected or designed. It is not sufficient to merely show that a claimant worked for the employer during the period of his life in which his disability arose. *George* v. *Interstate Metal Products*, (1955) 125 Ind. App. 406, 126 N.E.2d 258, *Haskell & Barker Car Co.* v. *Brown*, (1917) 67 Ind. App. 178, 117 N.E. 555; Small, Workmen's Compensation Law of Indiana § 5.1, p. 33 (Segar. Supp. 1968).

For the foregoing reasons we grant transfer and reverse the Court of Appeals, order that their opinion be vacated, and sustain the Industrial Board.

Givan, C.J., Prentice, J., concur; DeBruler, J., dissents with opinion in which Hunter, J., concurs.

## DISSENTING OPINION

DeBruler, J.—Indiana Code § 22-3-2-2 (1978 Supp.), provides the statutory rule to be applied by the Board in deciding upon an application of a compensation claimant. It states:

"[E]very employer and every employee . . . shall be required . . . respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment. . . ."

The Board, having heard the evidence presented in the claim at bar made the following findings:

"That on April 2, 1976, plaintiff was in the employ of the defendant at an average weekly wage of $162.00.

That plaintiff's normal duties during March and April of 1976 were those of placing table runners on edges of tables; that said runners weighed approximately a half-pound; that in performing said occupation it was necessary for plaintiff to lift the runners out of a bin into a box and when said box was full, weighing approximately twenty to twenty-five pounds, it was necessary for plaintiff to lift the box onto a table approximately waist high; that while performing said occupation her back at sometime became painful.

> That from all of the credible evidence there is no specific time or incident that can be pointed to that would cause the pain in plaintiff's back.
>
> Said Full Industrial Board of Indiana finds that plaintiff did not sustain an accident or untoward event arising out of and in the course of her employment."

I read these findings as revealing that the Board isolated one of the causation questions created by the statutory standard, namely, whether the personal injury was caused by accidental means, and denied the petition because the evidence failed to show an injury by accident. The evidence was deemed by the Board to be deficient for this purpose because it did not disclose a "specific time or incident that can be pointed to that would cause the pain in plaintiff's back." The Board discloses here that it held an erroneous view of the legal requirements imposed upon a claimant to prove an injury by accident. There is nothing in the language of the statute or in reason upon which such a requirement can stand.

Moreover, such requirement cannot stand upon the case law, as is demonstrated by the principle announced in the case of *American Maize Products Co.* v. *Nichiporchik,* (1940) 108 Ind. App. 502, 29 N.E.2d 801, correctly quoted and relied upon by Judge Lowdermilk in reversing the Board's decision for the Court of Appeals. There the court said:

> "While it is true that the appellee can point to no particular date nor to a particular blow which produced the resultant injury, yet it is not necessary that the accident occur at any particular or specific time. The series of blows to appellee's hands produced the injury and loss which was an unintended and unexpected occurrence." 108 Ind. App. at 511, 29 N.E.2d at 805.

Calhoun was entitled to have the body of evidence received by the Board considered from the correct legal perspective. This the Board did not do, and for such reason the decision should be reversed and the cause remanded.

Hunter, J., concurs.

NOTE.—Reported at 381 N.E.2d 1242.