**Robert BOWLING, Appellant-Plaintiff Below,**

v.

**FOUNTAIN COUNTY HIGHWAY DE-PARTMENT, Appellee-Defendant Below.**

No. 2–981A292.

Court of Appeals of Indiana, Third District.

Nov. 25, 1981.

Rehearing Denied Jan. 7, 1982.

Sam L. Litzenberger, Jr., Williamsport, for appellant-plaintiff below.

Don P. Campbell, Richard L. Rennick, Jr., Covington, for appellee-defendant below.

STATON, Judge.

Robert Bowling appeals a negative award entered by the Industrial Board on his claim for workers' compensation benefits. On appeal, Bowling raises the following issues for review:

(1) Is the Board's conclusion that Bowling did not sustain a personal injury by accident arising out of and in the course of his employment contrary to law?

(2) If Bowling sustained a compensable injury, should his permanent partial impairment be assessed at 10% or 20% of the man as a whole?

Affirmed.

The Board's findings of fact reveal that Bowling was employed by the Fountain County Highway Department. On or about March 28, 1977, Bowling, while stepping off the back end of a "lowboy" trailer, experienced a sudden onset of pain in his lower back. The distance between the trailer from where Bowling alighted to the ground was about eighteen inches. Bowling stepped from the trailer in a normal manner with one foot preceding the other. Bowling thereafter underwent back surgery and was unable to return to work for 23½ weeks.

The Board found that Bowling "had a preexisting back condition which predisposed [Bowling] to suffer incidents such as [the] one suffered on or about March 28, 1977." The Board then made the following ultimate finding of fact:

"It is further found that plaintiff did not suffer an accidental injury within the meaning of the Workmen's Compensation Act in that plaintiff merely experienced pain as a result of a 'trivial incident' and plaintiff's preexisting condition had degenerated to a point that it cannot be said that plaintiff's employment caused the injury in question."

Bowling initiated this appeal from the Board's denial of his claim for workers' compensation benefits.

I.

Compensable Injury

Bowling challenges the Board's conclusion that he did not sustain a compensable injury by a work-related accident. Bowling contends that his back injury was caused by the act of stepping off the trailer at work. That act, Bowling contends, constituted a work-related accident within the terms of the Workers' Compensation Act.

Before workers' compensation benefits may be awarded, the claimant must establish that he or she sustained a "personal injury . . . by accident arising out of and in the course of the employment. . . ." IC 1976, 22–3–2–2 (Burns Code Ed.) (amended 1981). The phrase "personal injury" as used in IC 22–3–2–2 "shall mean only injury by accident arising out of and in the course of the employment. . . ." IC 1976, 22–3–6–1(e) (Burns Code Ed., 1980 Supp.) (amended 1981). Referring to the overlapping language used in IC 22–3–2–2 and IC 22–3–6–1(e), Dean Small observed:

"These few words, deceptively simple, have been the source of more than half of the recorded litigation under the Workmen's Compensation Act. Each phrase—personal injury, accident, out of, in the course of—has given rise to countless rounds of judicial contortions. . . ."

Small, *Workmen's Compensation Law of Indiana* § 5.1, at 98 (1950).[1] The present case requires this Court to focus its inquiry upon the existence of a work-related accident, for it is undisputed that Bowling sustained a personal injury. It must be determined whether that injury was caused by a work-related accident.

Some guidance in determining whether a work-related accident occurred has been given recently by the Supreme Court:

"It is well settled under our law that in order to show an accident there must be some untoward or unexpected event. It has been further described as an unlooked for mishap or untoward event not expected or designed. It is not sufficient to merely show that a claimant worked for the employer during the period of his life in which his disability arose. *George v. Interstate Metal Products* (1955), 125 Ind. App. 406, 126 N.E.2d 258; *Haskell & Barker Car Co. v. Brown* (1917), 67 Ind. App. 178, 117 N.E. 555; Small, Workmen's Compensation Law of Indiana § 5.1, p. 33 (Segar.Supp.1968)."

*Calhoun v. Hillenbrand Industries, Inc.* (1978), 269 Ind. 507, 510–11, 381 N.E.2d 1242, 1244. While it is "well settled" that an accident requires "some untoward or unexpected event" to occur during the performance of the claimant's regular work duties, opinions begin to diverge when Indiana appellate courts attempt to identify the kind of untoward or unexpected event that will be termed an "accident."[2] One court has summarized the conflict as follows:

"In defining the unexpected event our courts have utilized two theories: the *unexpected cause* and the *unexpected result*. Under the *unexpected cause* theory an 'accident' cannot occur in the absence of some kind of increased risk or hazard, e. g., a fall, slip, trip, unusual exertion, malfunction of machine, break, collision, etc., which *causes* the injury. Under the *unexpected result* theory an 'accident' may occur where everything preceding the injury was normal, and only the injury itself was unexpected, e. g., where a worker bends over, stoops, turns, lifts something, etc., which activity is part of his everyday work duties, and yet, as in the case at bar, he is unexpectedly injured." (footnotes omitted)

*Ellis v. Hubbell Metals, Inc.* (1977), Ind. App., 366 N.E.2d 207, 211–12; *see also*, Jaskowiak, *supra*, 13 *Val.L.Rev.* at 541–48.

■ It is before this legal backdrop that the merits of Bowling's appeal must be evaluated. The facts of this appeal, however, do not require this Court to immerse itself in the unexpected cause versus the unexpected result maelstrom. Suffice it to say that under either legal theory, a causal relationship must exist between the accidental injury and some act incidental to the claimant's employment. It may be undisputed that the claimant sustained an injury,

---

1. The "judicial contortions" implemented to determine what constitutes a personal injury caused by a work-related accident have been collected and analyzed in Jaskowiak, "The Meaning of the Term 'Accident' in the Indiana Workmen's Compensation Act," 13 *Val.L.Rev.* 535 (1979). The lack of unanimity in determining whether a compensable injury exists under Indiana law has also been noted in the leading treatise on workers' compensation law. *See*, 1B Larson, *Workmen's Compensation Law* § 38.20, at 7–21 to 7–23 (1980).

2. The multitude of majority, concurring, and dissenting opinions generated by this issue evinces the relative lack of unanimity that has plagued Indiana courts. *See, e. g., Calhoun, supra*, 269 Ind. at 511–12, 381 N.E.2d at 1244–45 (DeBruler, J., dissenting with opinion; Hunter, J., concurring in dissent); *Ellis v. Hubbell Metals, Inc.*, (1977), Ind.App., 366 N.E.2d 207

(Hoffman, J., dissenting with opinion); *Inland Steel Co. v. Almodovar* (1977), 172 Ind.App. 556, 361 N.E.2d 181 (Buchanan, J., dissenting with opinion), *transfer denied*, 266 Ind. 638, 366 N.E.2d 169 (Pivarnik, J., dissenting to denial of transfer with opinion; Prentice, J., concurring in dissent); *Rivera v. Simmons Co.* (1975), 164 Ind.App. 381, 329 N.E.2d 39 (White, Jr., concurring with opinion; Sullivan J., concurring with opinion); *Estey Piano Corp. v. Steffen* (1975), 164 Ind.App. 239, 328 N.E.2d 240 (Buchanan, J., concurring with opinion; White, J., concurring in result); *Chestnut v. Coca Cola Bottling Co.* (1969), 145 Ind.App. 504, 251 N.E.2d 575 (White, J., dissenting with opinion; Sharp, J., concurring in result). The controversy appears to have originated with the Supreme Court's opinion in *United States Steel Corp. v. Dykes* (1958), 238 Ind. 599, 154 N.E.2d 111.

but for it to be a compensable injury under the Workers' Compensation Act, the injury must have arisen from a work-related accident. On point is the following passage:

"A statutory concomitant to the existence of an accident requires that such accident arise out of and in the course of employment. *Tom Joyce 7–Up Co. v. Layman* (1942), 112 Ind.App. 369, 44 N.E.2d 998... It is generally held that an accident arises out of the employment when there exists some causal nexus between the injury complained of and the duties or services performed. *Tom Joyce 7-Up Company v. Layman, supra; Lasear, Inc. v. Anderson* (1934), 99 Ind.App. 428, 192 N.E. 762. In *Lasear, Inc. v. Anderson, supra,* the court explained:

'Causal relation is established when the accident arises out of a risk which a reasonably prudent person might comprehend as incidental to the employment at the time of entering into it, or, when the facts show an incidental connection between the conditions under which the employee works and the injury.' 99 Ind.App. at 434, 192 N.E. at 765.

"It is therefore incumbent upon claimant to prove the causal relationship by substantial evidence of probative value. But a claimant for benefits under the act need not negate all other possible causes for the disability. *Rankin v. Industrial Contractors, Inc.* (1969), 144 Ind.App. 394, 246 N.E.2d 410."

*Estey Piano Corp. v. Steffen, supra,* 164 Ind.App. at 243, 328 N.E.2d at 243. Judge White, in his concurring opinion in *Rivera, supra,* followed a similar line of reasoning:

"In many instances the onset of pain, especially the sudden onset of severe pain, is an untoward event and most certainly is an 'accident' so far as the person who suffers the pain is concerned. In many instances the sudden onset of severe pain is the manifestation of an injury which has just occurred at the site of the pain, i. e., the rupture of some body tissue, or the blockage of the coronary artery. Such an event is an 'injury by

accident arising ... in the course of the employment', as required by §§ 2 and 73 of the 1929 Workmen's Compensation Act, as amended, (Ind.Ann.Stat. §§ 22–3–2–2 and 22–3–6–1 [Burns Code Ed., 1973]) but the injury is not compensable merely because it occurs in the course of the employment. *Id.* It must also arise 'out of' the employment. That is the teaching of *United States Steel Corporation v. Dykes* (1958), 238 Ind. 599, 154 N.E.2d 111. There the steadily deteriorating condition of decedent's heart eventually reduced its functional ability to the point that it could not sustain life even when the work load was lighter than usual. *Ergo,* the employment did not cause the heart failure; it was caused by the deceased's heart itself."

*Rivera, supra,* 164 Ind.App. at 389, 329 N.E.2d at 44. One commentator finds extensive support for these observations in several Indiana appellate court decisions:

"In passing, however, it should be noted that the Court still requires some untoward or unexpected event, however unspectacular it may be, so that the mere fact of being employed at the time a disability arose will not suffice. This does not mean, however, that the Court has reverted to sudden traumatic violence as a test for accidental injury. In keeping with many of the older 'wear and tear' cases cited in the text at this point and at § 6.20, the Court continues to hold that general pathological breakdown may be compensable if something in the employment serves to precipitate or aggravate the existing or preexisting defective condition. The recent heart cases are the best examples. And the point is brought out in one of those cases that 'accident' as used in the Compensation Act must be distinguished from the concept surrounding the same term as used in the accident insurance cases, where presumably, it is given a stricter meaning. Where the medical evidence specifically connects a back difficulty to a specific lifting incident, the reasoning of the heart cases has been applied in at least one recent case. There must, however, be some reasonable

relationship between the precipitating or aggravating factors claimed and the ultimate harm alleged to have resulted therefrom. General poor health without any very convincing proof that the employment affected it will avail the claimant nothing." (footnotes omitted) Small, *supra*, § 5.1, at 40 (Rader Supp. 1976).

The facts as found by the Board in the present case reveal that there was no causal relationship between Bowling's act of stepping off the trailer and the aggravation of his preexisting back condition. It is true that some cases have held that a claimant is entitled to compensation when a preexisting condition is aggravated by exertion in the course of the claimant's regular work duties. *Ellis, supra*, 366 N.E.2d at 211; *Callahan v. Lovelace Truck Service* (1971), 149 Ind.App. 314, 317, 271 N.E.2d 734, 736, *appeal after remand* (1973), 158 Ind.App. 164, 301 N.E.2d 801, *appeal after remand* (1976), 169 Ind.App. 162, 346 N.E.2d 623; *Lock-Joint Tube Co. v. Brown* (1963), 135 Ind.App. 386, 395, 191 N.E.2d 110, 114. However, the Board specifically found that Bowling aggravated his back condition through no exertion of energy in the course of his regular work duties. Bowling merely took one step and sustained the back pain that he experienced several times before this injury. As the Supreme Court stated, "It is not sufficient to merely show that a claimant worked for the employer during the period of his life in which his disability arose." *Calhoun, supra*, 269 Ind. at 511, 381 N.E.2d at 1244; *see also, Harris v. Rainsoft of Allen County, Inc.* (1981), Ind.App., 416 N.E.2d 1320, 1322.

■ This Court must defer to the Board's findings of fact, for the Board's decision is "conclusive and binding as to all questions of (the) fact . . . ." IC 1976, 22–3–4–8 (Burns Code Ed.). In determining whether a negative award by the Board is contrary to law, this Court will not weigh the evidence but will consider only that evidence and reasonable inferences drawn therefrom favorable to the Board's decision. If the Board reaches a legitimate conclusion from that evidence, this Court is precluded from disturbing that conclusion even though another, equally legitimate conclusion may appear to be preferable. Only when there is substantial, undisputed evidence that leads to a result contrary to the one reached by the Board will the Board's negative award be overturned. *Birge v. Bryant Air Conditioning* (1979), Ind.App., 393 N.E.2d 790, 791; *Martinez v. Taylor Forge & Pipe Works* (1977), Ind.App., 368 N.E.2d 1176, 1177–78; *Wolf v. Plibrico Sales & Service Co.* (1973), 158 Ind.App. 111, 122, 301 N.E.2d 756, 763, *reh. denied*, 158 Ind.App. 127, 304 N.E.2d 355. Determining whether an injury was caused by a work-related accident is a matter within the purview of the Board and not the reviewing court. *Calhoun, supra*, 269 Ind. at 510, 381 N.E.2d at 1244. The record contains evidence that supports the Board's factual conclusion that Bowling's back injury was totally unrelated to his employment with the Fountain County Highway Department. This Court, under the stringent rules of appellate review, must accept the Board's conclusion even though the evidence is conflicting.

## II.

### Degree of Impairment

Bowling's second assignment of error is predicated upon this Court finding that Bowling suffered a compensable injury. Insofar as the Board's conclusion has been upheld on appeal, Bowling's second assignment of error need not be addressed.

Affirmed.

HOFFMAN, P. J., and GARRARD, J., concur.