**Nick SAVICH, Plaintiff-Appellant**

v.

**BLAW–KNOX FOUNDRY & MILL MACHINERY, INC.,
Defendant-Appellee.**

No. 93A02–8607–EX–00252.

Court of Appeals of Indiana,
First District.

Dec. 15, 1986.

Barry D. Rooth, Herbert S. Lasser & Associates, Merrillville, Robert Pavich, Monico & Pavich, Chicago, Ill., for plaintiff-appellant.

James E. Schreiner, Tinkham, Schreiner & Bloom, Munster, for defendant-appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

Plaintiff-appellant Nick Savich (Savich) appeals from an adverse determination of the Industrial Board affirming the hearing judge's denial of compensation.

We reverse and remand.

### STATEMENT OF THE FACTS

Savich began his employment as a maintenance electrician with Blaw-Knox Foundry & Mill Machinery, Inc. (Blaw-Knox) in November 1981. Savich's job was to repair and maintain Blaw-Knox's electric cranes. Although two electricians were assigned to a shift, Savich and the other electrician would usually work separately, but would assist each other on difficult repairs. On July 7, 1982, one of the larger cranes broke down. Savich worked on this crane by himself because the other electrician was already occupied on another repair. To work on this crane, Savich had to create a platform by placing wooden planks between the crane's girders, fifty feet above the ground. This required Savich to hold on to a girder with one hand, while lifting and sliding the planks into place with the other hand. In so doing, Savich felt a sharp pain in his back. Savich completed the repair and then reported to the Blaw-Knox dispensary, where he was given aspirin. Although he continued to experience pain in his back, Savich reported to work every day and continued to receive aspirin from the dispensary. Because of a production cutback, Savich was laid off for the first two weeks of August 1982. As his back was still causing him pain, Savich went to his family physician. The doctor told Savich he had pulled his back muscles, and prescribed medication to remedy the condition. Savich was recalled by Blaw-Knox and he worked the last two weeks of

August 1982, but then he was laid off again, and has never returned to work. Because Savich's back pain was not responding to the medication, his family doctor referred him to a bone specialist, Dr. Rich, who in turn referred him to a neurosurgeon, Dr. Ferguson. Dr. Ferguson, after determining that Savich had a herniated disc, performed back surgery.

On November 3, 1983, Savich filed for a determination of his workmen's compensation benefits with the Industrial Board. A hearing was held on September 17, 1985, and the parties stipulated that Savich had received group employee benefits, which included the payment of his medical and hospital expenses, as well as 26 weeks of disability payments at $200.00 per week, commencing on August 31, 1982. The parties also stipulated that, should Savich receive an award, Blaw-Knox was to be credited for these payments. At the hearing Savich testified that he was given a physical when he started his employment with Blaw-Knox, and the examination revealed no health problems. Savich also testified that had the other electrician not been otherwise occupied, Savich would have had his assistance and would not have had to move the planks by himself. Dr. Ferguson testified that Savich's herniated disc was caused by lifting a heavy object in an awkward position. In Dr. Ferguson's opinion, Savich has a permanent impairment that precludes any job that requires frequent bending and twisting, even with light weights. A doctor who had examined Savich at the request of Blaw-Knox, Dr. Jahns, also testified. Dr. Jahns stated that Savich has a permanent, partial impairment of 15 percent but could still perform moderate work, including his work as an electrician. Dr. Jahns also stated that the causes of herniated discs are often hard to determine.

On January 20, 1986, the hearing judge entered his findings and conclusions. The hearing judge set forth four issues: whether Savich's injury was caused by an accident in the course of employment; the amount of Savich's impairment; whether Blaw-Knox received proper statutory notice; and whether Savich had obtained unauthorized treatment. Having found that Savich regularly handled wooden planks as part of his job as an electrician, the hearing judge concluded that Savich's herniated disc was not an accidental injury arising in the course of his employment. The hearing judge also concluded that Savich's 15 percent impairment was caused by events unrelated to his employment with Blaw-Knox. The hearing judge denied Savich recovery without deciding the remaining issues. Savich's appeal to the Full Industrial Board resulted in an affirmance of the hearing judge on June 17, 1986. Savich then instituted this appeal.

## ISSUE

The sole issue presented is as follows: Did the Industrial Board err in affirming the denial of benefits on the ground that Savich did not suffer injury by accident within the meaning of the Workmen's Compensation Act?

## DISCUSSION AND DECISION

In order to be eligible for workmen's compensation benefits, an employee must suffer a "personal injury ... by accident arising out of and in the course of the employment...." IND.CODE 22-3-2-2. In the instant case, the Industrial Board found that Savich "handled wooden planks regularly" in his job as an electrician and it was while "handling these planks in the same fashion as before" that Savich sustained his injury. *Record* at 11. Therefore, it concluded Savich did not suffer an accidental injury arising out of and in the course of his employment.

During the pendency of this appeal, our supreme court clarified the statutory requirement of injury by accident in *Evans v. Yankeetown Dock Corp.* (1986), Ind., 491 N.E.2d 969. Clarification was needed be-

cause of inconsistencies created by the unexpected event—unexpected result dilemma. *Compare Calhoun v. Hillenbrand Industries, Inc.* (1978), 269 Ind. 507, 381 N.E.2d 1242 (unexpected event); *with Ellis v. Hubbell Metals, Inc.* (1977), 174 Ind.App. 86, 366 N.E.2d 207, *trans. denied* (unexpected result). In *Evans* the supreme court held that the phrase "by accident" refers to an unexpected injury on a particular occasion rather than an unexpected event. *Evans, supra* at 975. An accident arises "out of" the employment when a causal connection exists between the injury and the duties or services of employment, and the requirement that an accident occur "in the course of" employment refers to the time, place, and circumstances in which it takes place. *Indiana & Michigan Electric Co. v. Morgan* (1986), Ind.App., 494 N.E.2d 991.

In the instant case, it is uncontroverted that Savich was moving a plank into place in order to create a work platform when he sustained his back injury. Upon completing the repair of the crane, Savich reported to the Blaw-Knox dispensary where he was given aspirin. The evidence shows that Savich reported to work every day until he was laid off, despite the increasing pain in his back. Ultimately, it was discovered that he had herniated a disc. The hearing judge denied Savich's claim for benefits because Savich "handled wooden planks regularly" and it was while handling the planks "in the same fashion as before" that Savich was injured. In other words, the hearing judge denied the claim because Savich was not doing anything out of the ordinary when he sustained his injury. While this denial was correct under the "unexpected event" theory, the supreme court's ruling in *Evans* follows the "unexpected result" theory, and requires a different result. Therefore, we remand for a new hearing on Savich's claim. We observe that the issues of proper notice, unauthorized treatment, and the amount of Savich's impairment were left undecided by the hearing judge's decision regarding the injury. These issues can now be decided on the merits at the new hearing.

Judgment reversed and remanded.

ROBERTSON, P.J. and RATLIFF, J., concur.