EADLER *v.* CROSLEY AVCO CORPORATION.

[No. 20,041.   Filed March 1, 1965.]

*Phillip J. Badell* and *David A. Malson*, of Rushville. for appellant.

*Harlan, Harlan, Schussler & Keller*, of Richmond, for appellee.

HUNTER, J.—This is an appeal from an order and award entered by the full Industrial Board of Indiana (hereinafter referred to as the "Board"). The Board decided that the plaintiff take nothing by her Form 9, Application of Injured Employee to the Industrial Board for the Adjustment of Claim for Compensation.

After evidence was heard by a single member of the Board, the examiner entered an order against petitioner. She thereupon filed a Petition for Review by the Full Industrial Board, which entered the following order and award:

> "That plaintiff was in the employ of the defendant on September 24, 1960, at an average weekly wage in excess of $65.00; that on May 12, 1961, the defendant having denied liability for compensation, plaintiff filed her application for the adjustment of claim for compensation, alleging she suffered a severe pain in the lower lumbar spine when turning to pick up parts;
>
> It is further found that on said date plaintiff did not suffer an accidental injury arising out of and in the course of her employment with the defendant, and that plaintiff's disability or impairment, if any, was due to causes unrelated to her employment.
>
> Said Full Industrial Board now finds for the de-

fendant and against the plaintiff on plaintiff's Form 9 application filed May 12, 1961."

"AWARD

IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED by the Full Industrial Board of Indiana that plaintiff take nothing by her Form 9 application filed May 12, 1961.

Dated this 18th day of July, 1963.

FULL INDUSTRIAL BOARD OF INDIANA

(Signed) Joseph M. Howard

(Signed) Joseph P. Miller

(Signed) Emanuel F. Miller

(Signed) Ramon J. Hitch

(Signed) George E. Mischeau

MEMBERS

Member Richard M. Hennessy not participating.

ATTEST:

(Signed Charles F. Steger)

SECRETARY"

Appellant assigns the errors that the award and order of the Board is not sustained by sufficient evidence and is contrary to law. The only error that we must consider is whether the order and award is contrary to law. *Stanley* v. *Riggs Equipment Co., Inc.* (1961), 133 Ind. App. 86, 89, 178 N. E. 2d 766.

Appellant's argument is that the uncontradicted and undisputed evidence established a prima facie case that there was an accidental back injury, and that this injury arose out of and in the course of plaintiff's employment. As a primary basis for her argument, appellant asserts that the evidence unequivocally shows that she was feeling well prior to going to work on the alleged day of injury and was crying and in pain when she left work on that day.

While it is true that appellee did not produce witnesses to contradict the above evidence, the record reveals ample evidence on which the Board could have reached its determination. The evidence discloses that appellant had a pre-existing injury for which she had taken pain pills. The foreman testified that she was working at a different machine than the one she testified she was working at when allegedly injured. The foreman testified further that she did not tell him that she hurt her back on the job on that day. She did not report to first aid on the day of the alleged injury, although she knew that to do so, was the company rule. Her physician testified that she did not tell him that she sustained an injury at work. There is other evidence in the record, some of which is in conflict, from which the Board could have inferred or directly found that appellant was not injured on the job.

It is axiomatic that we will not disturb a finding by the Industrial Board unless the evidence and all reasonable inferences deducible therefrom are so conclusive that we must reach a contrary conclusion. *Heflin* v. *Red Front Cash & Carry Stores, Inc.* (1948), 225 Ind. 517, 75 N. E. 2d 662. It has also long been the rule that we cannot weigh the evidence and if there is probative evidence to sustain the Board's award, we will affirm their finding. *Wilson* v. *Betz Corp. et al.* (1957), 128 Ind. App. 189, 146 N. E. 2d 570; *Logan* v. *Acme Machine Products Div.* (1942), 110 Ind. App. 556, 39 N. E. 2d 797.

As can be seen from a recital of part of the evidence hereinabove, there are facts from which the Board could have found that appellant was not accidentally injured in the course of her employment. There is thus no basis for concluding that the award is contrary to law.

We therefore hold that the award and finding of the Full Industrial Board should be affirmed.

Affirmed.

Bierly, P. J., Mote and Smith, JJ., concur.

NOTE.—Reported in 204 N. E. 2d 530.