FLORENCE E. WILSON *v.* CHEVROLET COMMERCIAL BODY

[No. 2-677A229. Filed September 12, 1977. Rehearing denied October 26, 1977. Transfer denied February 16, 1978.]

*Charles W. Runnels, Charles W. Ardery, Jr., Payne, Ardery, Weiland & Wright,* of Indianapolis, for appellant.

*Theodore L. Locke Jr., Locke, Reynolds, Boyd & Weisell,* of Indianapolis, for appellee.

HOFFMAN, J.—Review is sought by Florence E. Wilson[1] of an adverse award by the Full Industrial Board of Indiana on his claim for permanent partial impairment due to an alleged work related accident on August 1, 1972, at Chevrolet Commercial Body Division of General Motors Corporation. The substance of the Board's findings were that "upon a review of all the evidence and weighing the uncontradicted but unsubstantiated testimony of the plaintiff, it is decided to disbelieve that the plaintiff sustained an accidental injury in the course and scope of his employment with the defendant on August 1, 1972."

Appellant's sole assignment of error concerns whether the failure of the Board to grant his claim was contrary to law as not being supported by the evidence. Accordingly this court's review is limited to a consideration of whether the evidence in support of Wilson's claim is so conclusive in character that a finding against him could have been arrived at only through the exercise of improper considerations or influences. *Russell v. Johnson* (1943), 220 Ind. 649, 46 N.E.2d 219; *See, Bohn Aluminum & Brass Co., Plant #9 v. Kinney* (1974), 161 Ind. App. 128, 314 N.E.2d 780; *Fuller v. Delco Remy Div. of G.M. Corp.* (1945), 116 Ind. App. 272, 63 N.E.2d 542.

In this context the evidence most favorable to the award reveals that Wilson reported for the evening shift on August 1, 1972, and was removed from his regular work as a welder equipment operator to another line where he was to temporarily take scrap metal from a press and put it down a chute hole in the floor. Appellant testified generally that while engaged in this activity he slipped on a piece of scrap and his right leg went into the chute hole causing him to fall backward injuring his back. A fellow worker was said to have suggested that he get some first aid but

---

1. During the course of the proceedings appellant stated that his name had been changed to Richard Edward Wilson.

since Wilson did not think he was hurt and there was only an hour left in the work shift, he went home. The following morning appellant felt pain in his back and right leg such that it was necessary for his wife to help him out of bed. Later, Wilson went to the company infirmary and the next day he went to his family physician who referred him to another physician for further diagnosis.

Portions of the depositional testimony taken from several of the attending physicians were mixed concerning an assessment of the appellant's physical disabilities.

Dr. Lowell Thomas testified: "I could find no objective X-ray or physical signs on examination that would explain his continuing symptoms."

Dr. George F. Rapp testified: "He could have started degenerative disc, certainly, and arthritis, certainly, and over the next few years it could have gotten worse. * * * I think most of them are really degenerative more than trauma. I don't think that trauma causes most of them. And they gradually degenerate."

Dr. Julius M. Goodman testified: "Because he, you know, /he was just the type of person that I wasn't sure would benefit from surgery even though he may have had a real problem. Not everybody with real problems even benefit from surgery. And I just was very leary, and I had him seen by a psychiatrist. I suggested a psychiatrist."

Dr. Lowell G. Foster testified: "He seemed to have a—oh, tendency called hypochondriasis, to have much more discomfort than one might ordinarily imagine out of physical symptoms."

Upon review of this record it cannot be said as a matter of law that the Industrial Board was in error in concluding that the appellant had not sustained his burden of proving that he suffered the injury complained of. *Bell v. Goody, Goody Products Co.* (1945), 116 Ind. App. 181, 63 N.E.2d 147. Wilson gave the sole testimony concerning the occasion of the accident. He did not directly report to the company first aid

facilities after the alleged mishap and neither the co-worker nor his identity were produced at the hearing. Furthermore there was evidence from several physicians and a psychiatrist which could indicate that appellant's problems stemmed from sources outside his work habitat including degenerative arthritis and emotional illness.

Under such circumstances it was within the Board's province to disbelieve the testimony of Wilson. *Martin v. Monsanto Company* (1975), 166 Ind. App. 5, 333 N.E.2d 828; *Eadler v. Crosley Avco Corp.* (1965), 136 Ind. App. 683, 204 N.E.2d 530. Moreover the evidence was not wholly in favor of the appellant and so undisputed and complete that it can be said the Industrial Board disregarded it because of prejudice or caprice. *Ruegamer v. Haynes Stellite Company* (1960), 130 Ind. App. 695, 167 N.E.2d 725. Accordingly the award of the Industrial Board must be affirmed. *See, Pollock v. Studebaker Corporation* (1952), 230 Ind. 622, 105 N.E.2d 513.

Award affirmed.

Staton, P.J. and Garrard, J. concur.

NOTE—Reported at 367 N.E.2d 11.