**SUBURBAN READY MIX CONCRETE, (DIVISION OF TERRE HAUTE CONCRETE), Defendant-Appellant,**

v.

**Nicolas Alan ZION, by next friend, Sherry, ZION, and Sherry Zion, Plaintiff-Appellee.**

No. 2–682A178.

Court of Appeals of Indiana, First District.

Jan. 19, 1983.
Rehearing Denied March 1, 1983.

Geoffrey Segar, David J. Mallon, Jr., Ice, Miller, Donadio & Ryan, Indianapolis, for defendant-appellant.

John J. Fihe, Marion, for plaintiff-appellee.

RATLIFF, Judge.

### STATEMENT OF THE CASE

Appellant Suburban Ready Mix Concrete (Suburban) appeals a decision of the Full Industrial Board of Indiana upholding the decision of a single hearing judge awarding workmen's compensation benefits and medical and funeral expenses to the widow and minor child of the decedent. We affirm.

### FACTS

Decedent Robert A. Zion, Jr. was employed by Suburban as a cement truck driv-

er. On August 23, 1979, decedent had delivered and discharged concrete at the Margaret Avenue fire house construction site in Terre Haute, Indiana. While rinsing the chutes and fins on the truck prior to leaving the site, decedent was struck in the head by a ricocheting bullet. He died six (6) days later without regaining consciousness. The fatal shot was fired by Harold Hulett, a minor. Hulett, in the second floor bedroom window of his parents' apartment, was firing a .22 caliber rifle at street lights in the parking lot of a lumber yard just north of the construction site.

### ISSUES

Appellant presents four issues for review. However, as one issue is dispositive of this appeal, we deal only with that issue.

1. Did the Industrial Board err, as a matter of law, in finding that decedent's death arose out of his employment based upon the facts in evidence?

### DISCUSSION AND DECISION

[1] The Industrial Board did not err in finding that decedent's death arose out of his employment.

Central to a determination of the instant case is the interpretation of our workmen's compensation statute. As modified and re-enacted over the years by our legislature, the statute provides, in part, that

"Every employer and every employee, except as herein stated, shall be required to comply with the provisions of IC 22–3–2 through IC 22–3–6 respectively to pay and accept compensation for personal injury or death by accident *arising out of and in the course of the employment,* and shall be bound thereby."

Ind.Code § 22–3–2–2 (1982) (Emphasis supplied). There is no dispute concerning the requirement that the accident occurred in the course of the employment. Both parties stipulated that Zion was within the course of his employment when he was fa-

tally injured. Rather, the argument revolves solely around the issue of whether decedent Zion was injured by an accident arising out of his employment. Suburban contends that for an accident to arise out of the employment the risk of such an accident must be reasonably produced by or associated with the conditions of the employment. Decedent's survivors argue that because decedent was at the job site, doing what he was employed to do, all at his employer's behest, that is sufficient to support the Board's finding that the injury arose out of the employment. We agree with the survivors' contentions.

 We begin with the well settled premise that Workmen's Compensation laws are to be liberally construed.[1] *Prater v. Indiana Briquetting Corp.,* (1969) 253 Ind. 83, 86, 251 N.E.2d 810, 811; *Crites v. Baker,* (1971) 150 Ind.App. 271, 275, 276 N.E.2d 582, 583–84, *trans. denied; Lasear, Inc. v. Anderson,* (1934) 99 Ind.App. 428, 433, 192 N.E. 762, 764. That includes the "arising out of" language of the statute. *Lasear,* 99 Ind.App. at 433, 192 N.E. at 764. An accident is said to arise "out of a risk which a reasonably prudent person might comprehend as incidental to the employment at the time of entering into it, or, when the facts show an incidental connection between the conditions under which [the] employee works and the injury." *Prater,* 253 Ind. at 88, 251 N.E.2d at 812, citing *Lasear,* 99 Ind.App. at 434, 192 N.E. at 765. As our supreme court noted in *Prater,* the crucial issue for determination is whether a causal connection exists between the accident and the employment. *Id.* at 87, 251 N.E.2d at 812. Absent such a connection, the injury is not deemed to have arisen out of the employment.

 The requirement that the injury arise out of the employment is relaxed when applied to cases involving traveling employees. *Olinger Construction Co. v. Mosbey,* (1981) Ind.App., 427 N.E.2d 910,

---

1. This is consistent with the humane purposes of the act. *See generally Lovely v. Cooper Industrial Products, Inc.,* (1981) Ind.App., 429 N.E.2d 274, 279–80 (Ratliff, J., concurring),

*trans. denied, citing* 1 A. Larson, *Workmen's Compensation Law,* §§ 2.10 and 2.20 (1978); 81 Am.Jur.2d *Workmen's Compensation* § 2 (1976).

912, *trans. denied.* "A traveling employee is one whose job requires travel from place to place or to a place away from a permanent residence or the employee's place of business." *Id.* In *Olinger,* plaintiffs' decedent was killed in a robbery while living in a motel near the construction site where he worked each day. The construction site was about 150 miles from his home and decedent was on call 24 hours a day. The court there noted that the rule is established in Indiana that "an accident which befalls a traveling employee arises out of the employment if the employee is at the place where the accident occurs because of his employment." *Id.* at 914. We believe *Olinger* is dispositive of the case at hand.

 In the instant case, Zion was sent by his employer to the construction site to pour concrete. He was clearly at the site because his employment required it, and the Industrial Board so found.[2] The evidence presented in this case is sufficient to support those findings. Where there is competent evidence to sustain such findings, they are binding upon this court. *Lasear,* 99 Ind.App. at 433, 192 N.E. at 764. The Board's findings are, in turn, sufficient to support its ultimate conclusion that decedent's injury arose out of his employment. Where the Board's ultimate conclusion is properly supported by its findings, we will not disturb such conclusion on appeal.

Suburban also raises three other issues concerning the Board's findings that decedent's injury was incidental to his employment, that decedent's employment increased the risk of such injury, and whether the finding of increased risk could be supported by alleged hearsay testimony. However, we do not address Suburban's remaining issues because there exists an adequate, independent ground upon which the Indus-

trial Board found that the injury arose out of the decedent's employment, based upon the rationale of *Olinger.*

For the foregoing reasons, the judgment of the Industrial Board is affirmed.

Affirmed.

ROBERTSON, P.J., and NEAL, J., concur.

2. "It is further found that at the time of his said accidental injury on August 23, 1979 which resulted in his subsequent death on August 29, 1979, the employment of Plaintiffs' decedent, Robert A. Zion, Jr., required him to be at the place where his fatal injury was received and he was in fact at such place in the pursuance of the discharge of his duties for Defendant in hosing down Defendant's cement truck; ... that decedent's work required him to be at job sites away from the Defendant's regular place of business due to the fact that his job required him to travel from place to place in delivering concrete in order to further the business of the Defendant; ... that decedent's said accidental injury and subsequent death as a result thereof would not have occurred if the decedent's job had not required him to be in the place where he was fatally injured; ...."

Record at 31.