Douglas M. YOUNG, Plaintiff-Appellant,

v.

SMALLEY'S CHICKEN VILLA, INC., d/b/a Kentucky Fried Chicken, Defendant-Appellee.

No. 2-1083A365.

Court of Appeals of Indiana, First District.

Jan. 19, 1984.

Rehearing Denied March 1, 1984.

Samuel J. Rodino, Elkhart, for plaintiff-appellant.

James W. Oberfell, May, Oberfell, Helling, Lorber & Campiti, South Bend, for defendant-appellee.

RATLIFF, Judge.

### STATEMENT OF THE CASE

Appellant Douglas Young appeals from an adverse determination of the Industrial Board affirming the hearing judge's denial of compensation. We affirm.

### FACTS

On August 10, 1980, Young injured his back while working at his employer's fast food restaurant. Young's employment involved bending and twisting in order to perform his duties. After working several

hours, Young turned and bent over to retrieve some chicken with a pair of tongs. At that moment he was stricken by a severe pain in his lower back. A subsequent medical examination revealed a herniated disc which required corrective surgery. Young's application for workmen's compensation was denied by the hearing judge and the denial was affirmed on appeal to the Industrial Board. From that decision, Young now appeals.

### ISSUE

Young raises two issues on appeal which may be consolidated. Combined and rephrased, this issue is as follows:

Did the Industrial Board err in affirming the denial of benefits on the ground that Young did not suffer injury by accident within the meaning of the Workmen's Compensation Act?

### DISCUSSION AND DECISION

The Industrial Board did not err in denying Young's claim for benefits.

In order to be eligible for workmen's compensation benefits, the employee must suffer a "personal injury ... by *accident* arising out of and in the course of the employment...." Ind.Code § 22-3-2-2 (1982) (emphasis supplied). In the instant case, the Industrial Board determined that "such occurrence would not constitute an accidental injury arising out of the course of plaintiff's employment...." Record at 10. Young contends that such finding is contrary to law. In support of his contention, he cites *Ellis v. Hubbell Metals, Inc.,* (1977) 174 Ind.App. 86, 366 N.E.2d 207, *trans. denied* (1978). This court there noted:

"In defining the word 'accident' most cases follow the *unexpected event* theory enunciated in *Haskell [& Barker Car Co. v. Brown,* (1917) 67 Ind.App. 178, 117 N.E. 555]. Certain confusion has arisen from the attempt by the courts to identify the kind of unexpected event which is to be termed an 'accident.'

In defining the unexpected event our courts have utilized two theories: the *unexpected cause* and the *unexpected result.* Under the *unexpected cause* theory an 'accident' cannot occur in the absence of some kind of increased risk or hazard, e.g., a fall, slip, trip, unusual exertion, malfunction of machine, break, collision, etc., which *causes* an injury. Under the *unexpected result* theory an 'accident' may occur where everything preceding the injury was normal, and only the injury itself was unexpected, e.g., where a worker bends over, stoops, turns, lifts something, etc., which activity is part of his everyday work duties, and yet, as in the case at bar, he is unexpectedly injured.

We shall use the *unexpected result* theory in determining whether an accident occurred in the case at bar, because the *unexpected result* theory is more in keeping with the humanitarian purposes that underlie the Workmen's Compensation Act, which the courts are required to liberally construe in favor of the worker. Since the evidence in the case at bar indicates the incident occurred while Ellis was lifting a roll of steel, while engaged in his normal work duties, and since the disabling result from that event of lifting was neither foreseen nor expected, we hold that Ellis suffered an 'accident' in the course of his employment. [Footnotes omitted.] [Emphasis in the original.]"

*Ellis,* 174 Ind.App. at 92–93, 366 N.E.2d at 211–12. While it is unassailable that workmen's compensation laws are to be liberally construed, *Suburban Ready Mix Concrete v. Zion,* (1983) Ind.App., 443 N.E.2d 1241, 1242, *trans. denied,* it is also clear that *Ellis* is not the standard by which we must review the board's conclusions.

Subsequent to our decision in *Ellis,* our supreme court noted:

"It is well settled under our law that in order to show an accident there must be some untoward or unexpected event. It has been further described as an unlooked for mishap or untoward event not expected or designed. It is not sufficient to merely show that a claimant worked

for the employer during the period of his life in which his disability arose."

*Calhoun v. Hillenbrand Industries, Inc.,* (1978) 269 Ind. 507, 510–11, 381 N.E.2d 1242, 1244. *Cf. Ellis,* 174 Ind.App. at 90, 366 N.E.2d at 210 n. 3. From the language used in *Calhoun* it is clear that our supreme court views the unexpected event as synonymous with the unexpected cause described by this court in *Ellis.* Therefore, we are bound to apply the rule set out in *Calhoun,* our own reservations notwithstanding.[1] In applying the rule, we reach the same conclusion reached by the Industrial Board. By his own admission, appellant was doing nothing out of the ordinary in performing his job. Merely being at his place of employment when his disc herniated is an insufficient basis upon which to predicate a workmen's compensation award. Absent evidence of some untoward event, we must conclude that the Industrial Board properly denied Young benefits.

Accordingly, we affirm the decision of the Industrial Board.[2]

NEAL, P.J., concurs with opinion.

ROBERTSON, J., concurs.

NEAL, Presiding Judge, concurring.

I concur in the majority opinion as it is a correct application of controlling case law interpreting the statute. I respectfully believe, however, the results of those cases are in error and my views coincide with Judge Ratliff's views expressed in his concurring opinion in *Lovely v. Cooper Industrial Products,* (1981) Ind.App., 429 N.E.2d 274. I shall state my views without further re-examination of the already discussed authorities.

Prior to workmen's compensation laws, tort doctrine, hedged with concepts of fault, negligence, contributing negligence, fellow-servant rules, and assumed or incurred risk, governed an employee's right to compensation for injuries. These tort doctrines were deemed unsatisfactory to protect the worker in this industrial age because of the difficulty in proving a claim. Thus, the worker and his family suffered want and privation when his earnings were terminated because of injury. Humanitarian in its purpose, the workmen's compensation act provided compensation to the injured employee without regard to tort concepts. The cost was to be spread throughout the industry and ultimately to the consumer. While the act became the employee's exclusive remedy, it abolished tort concepts involving fault and provided "compensation for personal injury or death *by accident* arising out of and in the course of the employment." IND.CODE Sec. 22–3–2–2.

However, the choice of the words "by accident" by the legislature was unfortunate, for the courts early on resurrected the ghosts of the interred tort concepts and developed the phrase "unlooked for mishap or untoward event not expected or designed" to define "by accident". *Calhoun v. Hillenbrand Industries, Inc.,* (1978) 269 Ind. 507, 510–11, 381 N.E.2d 1242, 1244. More recent cases have attempted to ameliorate that definition with the phrase "unexpected results". The phrase seems to imply, and the cases seem to hold, that if an employee is injured by certain innate and predictable hazards of the employment, he will not be compensated. It implies that the injury must come as a surprise. The economic burden to the injured worker and his family is not lightened by the distinction of whether his injury was looked for, unlooked for, expected or unexpected, or designed, even though the purpose of the act is relief from want and privation. Similarly, disability may be caused by ongoing stressful employment that ultimately incapacitates the worker. The phrase is an unnecessary and artificial engraftment upon the statute.

---

1. *See Lovely v. Cooper Industrial Products, Inc.,* (1981) Ind.App., 429 N.E.2d 274, 279–81, *trans. denied* (1982) (Ratliff, J., concurring).

2. Young also assails the findings as unsupported by the evidence. However, because we dispose of the appeal based upon the rationale of *Calhoun,* it is unnecessary to address appellant's remaining issue.

The only relevant inquiry should be whether the injury or disability resulted from the employment or, in the words of the statute, arose out of and in the course of the employment. The means, unless self-induced, is not material. A worker should be compensated for injuries which are an intrinsic and predictable hazard of the employment and disability induced over a course of time as well as injuries which are "unlooked for mishap or untoward event not expected or designed". In my opinion, the act contemplates that result. The rulings of the courts, or the statute itself, should be changed to reflect that end.