Helen E. **KERCHNER**, Appellant,

v.

**KINGSLEY FURNITURE COMPANY, INC.**, Appellee.

No. 2–185A10.

Court of Appeals of Indiana, First District.

May 20, 1985.

Rehearing Denied June 21, 1985.

Sheldon H. Cohan, Merrillville, for appellant.

Mark A. Lienhoop, Newby, Lewis, Kaminski & Jones, LaPorte, for appellee.

ROBERTSON, Judge.

Plaintiff-appellant Helen Kerchner (Kerchner) appeals from a decision of the Full Industrial Board disposing of Kerchner's claims for Workmen's Compensation benefits by awarding only 26⅔ weeks of temporary total disability benefits.

We affirm.

During the period of her employment with Kingsley Furniture Company, Kerchner filed three applications for Workmen's Compensation benefits. Kerchner's first injury occurred on April 11, 1977, when she wrenched her back handling heavy material. On October 31, 1979, Kerchner suffered back and abdominal pain. Kerchner's third injury occurred on February 9, 1981, when she was hit in the chest by boxes which came off a conveyor belt too quickly.

A single hearing member of the Industrial Board rendered a decision on each of the three applications filed by Kerchner. The hearing member decided that the injuries sustained by Kerchner in 1977 and 1979 were not accidents within the meaning of the Workmen's Compensation Act, and that Kerchner should take nothing by way of her applications. On her third application, Kerchner received temporary total disability benefits for 26⅔ weeks. The Full Industrial Board adopted the decision of the single hearing member.

Kerchner contends on appeal that (1) the Industrial Board erred in finding that no compensable injury occurred in 1977 and 1979, and (2) the Industrial Board erred in awarding only 26⅔ weeks of temporary total disability benefits on her third application.

When reviewing a decision of the Industrial Board, the court of appeals is required to disregard all evidence which is unfavorable to the findings of the Board and consider only those facts and those reasonable inferences which support the findings. The award of the Board will be affirmed upon appeal unless it is not supported by competent evidence. If the Board reaches a legitimate conclusion from the evidentiary facts, the appellate court cannot disturb that conclusion although it might prefer another conclusion equally legitimate. *Lovely v. Cooper Industrial Products*, (1981) Ind.App., 429 N.E.2d 274, 276.

The hearing member and the Industrial Board concluded that the back injury sustained by Kerchner in 1977 was not an accident. Under the Workmen's Compensation Act, an accident is some untoward or unexpected event. *Calhoun v. Hillenbrand Industries*, (1978) 269 Ind. 507, 510–11, 381 N.E.2d 1242, 1244; *Young v. Smalley's Chicken Villa*, (1984) Ind. App., 458 N.E.2d 686, 688. An accident cannot occur in the absence of some kind of increased risk or hazard. *Young, supra*, 458 N.E.2d at 687. The evidence supporting the Board's finding included testimony that Kerchner had experienced problems with her back on and off for a couple of years. An examining physician testified that Kerchner's back problems were work-related only in the sense that her discomfort would increase with increased activity. Kerchner admitted that when she was injured, she was performing a task that was part of her job. A workmen's compensation award is inappropriate when the em-

ployee was doing nothing out of the ordinary in performing her job. *Id.* at 688.

■ Thus, there was competent evidence to support the Board's finding that there was no accident, because Kerchner was doing nothing out of the ordinary and there was no untoward event. The Board's finding that there was no compensable injury is a legitimate conclusion which we affirm.

■ The hearing member and the Industrial Board further found that Kerchner suffered no compensable injury in 1979. Kerchner contends that the 1979 claim described an aggravation of a previous injury and that compensation was, therefore, appropriate. However, competent, probative evidence supports the Board's decision. The back and abdominal pain suffered by Kerchner in 1979 resulted in surgery for kidney stones. Correspondence from Kerchner's attorney contained the following statement: "The incident she [Kerchner] had in late fall of 1979, regarding her stomach and back problems, was not a result of an accident, and is not compensible [sic] by workmen's compensation". Kerchner admitted that the incident in 1979 was not an accident. Again, the finding of the hearing member and the Industrial Board is legitimate.

Regarding her third application for Workmen's Compensation benefits, Kerchner argues that she was entitled to temporary total disability benefits for the full statutory period. To support this contention, Kerchner relies on the fact that she was never released to return to the same sort of work she previously performed. Kerchner's argument overlooks the nature of temporary total disability benefits.

[T]emporary total disability benefits are intended to compensate the employee for treatment immediately following the injury, and it is during this period that one's ability to return to work of the same kind or character is relevant to a workmen's compensation award. However, once an injury has stabilized, temporary total disability benefits cease even though the employee is unable, on account of his injury, to resume work of the same character as the work in which he was engaged at the time he received the injury.

*Vantine v. Elkhart Brass Mfg. Co.,* 572 F.Supp. 636, 641 (N.D.Ind.1983).

■ The hearing member and the Industrial Board determined that Kerchner was temporarily totally disabled from the period of February 9, 1981 to September 1, 1981. The Board's underlying conclusion was that Kerchner's injury had stabilized by September. A foundation of fact supports the conclusion. On February 9, when Kerchner was hit by boxes coming off a conveyor belt, she consulted Dr. Erwin. Thereafter, Kerchner saw Dr. Erwin a total of fifteen times. Dr. Erwin indicated that Kerchner could return to work on February 17, again on May 13, and finally on September 21. Kerchner emphasizes the fact that the medical releases limited the activities she could perform. Equally persuasive, however, is Dr. Erwin's testimony that he thought he was seeing essentially the same problem as early as April 1. Moreover, two other doctors examined Kerchner and agreed with Dr. Erwin's diagnosis. Such evidence supports the conclusion that Kerchner's injury was permanent and quiescent by September, and supports an award of 26⅔ weeks of temporary total disability benefits.

■ Kerchner's final contention is that her third application for Workmen's Compensation benefits required a finding of permanent total disability. The term "disability" connotes the injured employee's inability to work. *Rork v. Szabo Foods,* (1982) Ind., 439 N.E.2d 1338, 1343. Permanent total disability benefits are awarded when an employee cannot carry on reasonable types of employment. *Id.*

■ The hearing member and the Industrial Board found that no permanent total disability was proved. This finding was supported by Dr. Erwin's testimony that Kerchner could return to work, although she should not engage in heavy lifting. Kerchner stresses that a second doctor filed a certificate indicating total

impairment. Kerchner's emphasis is misplaced on two counts. For one, total impairment is not synonymous with total disability. *See, id.* at 1342–43. Moreover, the Industrial Board, in its discretion, could disbelieve the testimony of the second doctor in the face of Dr. Erwin's testimony which it weighed and believed. *See, Calhoun, supra,* 269 Ind. at 509–10, 381 N.E.2d at 1243. Accordingly, we affirm the Board's decision that Kerchner was not entitled to permanent total disability benefits.

Judgment affirmed.

NEAL, J., concurs.

RATLIFF, P.J., concurs with separate opinion.

RATLIFF, Presiding Judge, concurring.

In my opinion concurring in result in *Lovely v. Cooper Industrial Products, Inc.* (1981), Ind.App., 429 N.E.2d 274, 279–81, *trans. denied,* I expressed my displeasure with the definition of "accident" which has crept into Indiana workmen's compensation law. As I stated in that opinion, "in adopting a definition of 'accident' which requires a sudden, unexpected, or untoward event definitely traceable to a precise date, place, and time, we have departed from the underlying philosophy and legislative intent of the Indiana Workmen's Compensation Act." 429 N.E.2d at 279.

The purpose of workmen's compensation acts are to provide compensation to workers suffering from work-related injuries without meeting the liability requirements of tort law. The test is not one of fault flowing from a specific event; rather, it is one flowing from the relationship to the employment. 1 A. Larson, *Workmen's Compensation Law* § 2.10 (1978).

In my view, the proper focus in determining eligibility for workmen's compensation benefits should be upon an unexpected or untoward result arising out of and in the course of the employment rather than upon whether there was an unexpected, untoward event. It has been said that the requirement of unusual exertion or of an unexpected event makes it possible for a claimant who suffers an injury caused by his work to be denied compensation and that, therefore, the accident requirement should require only that an injury be unexpected. 13 Val.U.L.Rev. 558–59 (1979). I believe Justice DeBruler spoke for the unexpected result definition of accident in his dissenting opinion in *Calhoun v. Hillenbrand Industries, Inc.* (1978), 269 Ind. 507, 381 N.E.2d 1242 (DeBruler and Hunter, J.J., dissenting).

To the extent that we have departed from the unexpected result theory of accident and insist upon the happening of an unexpected event as a prerequisite to finding accidental injury, we have departed from the original intent and purpose of the Workmen's Compensation Act. We should reexamine our position in the light of the obvious intent of the act.

Nevertheless, despite my personal disagreement expressed herein and in my concurring opinion in *Lovely,* I yield to the majority in their interpretation of the current state of Indiana law. I recognize the applicability of *stare decisis* and the obligation of this court to follow the decisions of our supreme court. The majority opinion correctly reflects the decisions of our supreme court, and I must concur in the decision in this case. Yet, I continue to hope that someday there will be a recognition of the error in the unexpected event definition and a return to the unexpected result theory in order to fulfill the intent of the workmen's compensation act.