**DANE TRUCKING COMPANY,**
**Appellant (Defendant Below),**

v.

**Joseph R. ELKINS, Appellee**
**(Plaintiff Below).**

**No. 93A02–8802–EX–44.**

Court of Appeals of Indiana,
Third District.

Oct. 11, 1988.
Rehearing Denied Nov. 30, 1988.

Robert A. Fanning, Locke, Reynolds, Boyd & Weissel, Indianapolis, for appellant.

Gary G. Hanner, Hanner, Hanner & Hanner, Rockville, for appellee.

HOFFMAN, Judge.

Appellant Dane Trucking Company of Montezuma, Indiana appeals an Industrial Board Worker's Compensation award to Joseph R. Elkins. On October 19, 1983, Elkins sustained an accidental injury while driving a semi-tractor trailer for Dane Trucking.

On that date, Elkins picked up a load of particle board in Oxford, Mississippi and drove north toward Indiana. The semi-tractor trailer he was driving turned over in Graves County, Kentucky. Elkins suffered a spinal cord injury in the accident. Elkins filed a Form 9 application with the State Industrial Board. Dane Trucking raised the affirmative defenses of intoxi-

cation, commission of an offense and knowing failure to perform a statutory duty.

A member of the Industrial Board conducted a hearing on the Form 9 claim. The Full Industrial Board adopted the findings and decision of the single hearing officer. The findings relevant to this appeal are as follows:

"The plaintiff testified as to the details of his relationship with the defendant, Dane Trucking Company, and Schilli Motor Lines, Inc. He further testified as to the loading of particle board which was 16 feet long and 27 inches wide and that the same was loaded approximately six feet high on the trailer. He testified that there were two rows lengthwise and two sections long and that he would describe the load as being top heavy. He indicated that he had never hauled a load this narrow and tall. He further testified as to the purchase of four sixteen-ounce cans of beer and subsequent stopping to eat at Kentucky Fried Chicken. He testified as to the details of being stopped by the police for speeding and thereafter the details at the time of the accident. He stated that at the time of the accident he was coming to a curve in the road and was checking for the load shifting. He testified that in looking out of his right-hand mirror things did not look right and he leaned forward in order to obtain a better view of the load on the trailer. He stated that when he returned to his normal position he jerked the wheel to the left, causing the accident.

\*     \*     \*     \*     \*     \*

It is further found that after 6:30 P.M. and prior to 8:00 P.M. the plaintiff drank approximately two-and-a-half sixteen ounce beers.

It is further found that at approximately 8:00 P.M. the plaintiff was stopped for speeding and was not cited or questioned concerning any alcohol consumption.

It is further found that the plaintiff finished the rest of the beer by approximately 9:00 P.M. and that the accident in question occurred at approximately 9:20 P.M.

It is further found that after the accident at approximately 11:17 P.M. the plaintiff's blood was drawn and tested for blood alcohol content on a DuPont ACA. It is further found that said machine tests the blood alcohol content of serum and not whole blood.

It is further found that factors such as the amount of food in the stomach, type of alcoholic beverage consumed, and the individual's ability to dissipate alcohol controls the rate of absorption into the blood stream.

It is further found that the blood alcohol content increases as a function of time after consumption and then plateaus and decreases.

It is further found that based on factors in this case, the plaintiff's blood alcohol content expressed with reference to whole blood was between .07 and .08 grams percent alcohol at the time of the accident.

It is further found that the plaintiff was travelling slightly over 60 miles an hour at the time of the accident and that this was in excess of the posted speed limit.

It is further found that the road conditions where the accident occurred were that the road was straight, dry, and without obstruction.

It is further found that there has been no showing of any steering defect or other mechanical problem with the tractor.

It is further found that the consumption of alcohol while operating a truck for hire violates applicable federal regulations.

It is further found that at approximately the time of the accident, in checking the right rear view mirror the plaintiff perceived that the load on the truck did not look right or could have shifted.

It is further found that in order to check such load the plaintiff leaned forward in the seat to gain a wider view of the trailer.

It is further found that after having leaned forward and upon returning to a normal upright position, the plaintiff inadvertently in such process jerked the steering wheel, which jerking of the

steering wheel was the operative cause of the accident.

It is further found that although the plaintiff violated speed regulations, the accident would have occurred even if the plaintiff was travelling at the posted speed limit. Therefore, such violation cannot be viewed as the proximate cause of the accident.

It is further found that within the finding hereinbefore made that the plaintiff's blood alcohol content was no more than .08 grams percent alcohol, there is no presumptive evidence that the plaintiff was intoxicated.

It is further found that the plaintiff was stopped by a law enforcement officer after he had consumed two to three beers and was not questioned or tested with regard to any alcohol consumption.

It is further found that the act of leaning forward to check in the mirrors to deem the status of the load was reasonable under the circumstances.

It is further found that there is no evidence that the plaintiff was not in control of his bodily functions such that the jerking of the wheel was some form of involuntary alcohol induced action.

It is further found that the undersigned does infer that the act of jerking the wheel while shifting positions to see out the mirror is an act that could have occurred, notwithstanding the plaintiff's alcohol consumption, through mere mistake or inadvertence and that the defendant has failed to carry their burden of proof that the consumption of alcohol proximately caused the truck accident herein.

It is further found that the plaintiff is permanently and totally disabled as a result of this incident and is entitled to recover from the defendant, Dane Cox Trucking Company."

Dane Trucking appeals the Full Board's decision. The issues as restated are as follows:

(1) whether the Industrial Board erred in failing to find prima facie evidence of intoxication at the time of the accidental injury;

(2) whether the Industrial Board erred in finding that Dane Trucking failed to prove that intoxication proximately caused Elkins' accidental injury; and

(3) whether the Industrial Board erred in finding that Dane Trucking failed to prove that the commission of an offense or the knowing failure to perform a statutory duty proximately caused Elkins' accidental injury.

Dane Trucking contends that Elkins' worker's compensation award should be barred pursuant to IND.CODE § 22–3–2–8 (1982) which states:

"No compensation is allowed for an injury or death due to the employee's knowingly self-inflicted injury, his intoxication, his commission of an offense, his knowing failure to use a safety appliance, his knowing failure to obey a reasonable written or printed rule of the employer which has been posted in a conspicuous position in the place of work, or his knowing failure to perform any statutory duty. The burden of proof is on the defendant."

▪ A reviewing court is reluctant to reverse awards of worker's compensation granted by the Industrial Board. It is the province of the Board to hear and weigh the evidence, determine the evidentiary facts and from such facts draw reasonable inferences to arrive at the ultimate fact. The finding of the ultimate fact becomes a question of law for the determination of the reviewing court only where there is no conflict in the evidence and where there can be only one reasonable inference drawn from the evidentiary facts established by the uncontradicted evidence. *Joseph E. Seagram & Sons, Inc. v. Willis* (1980), Ind.App., 401 N.E.2d 87, 91.

▪ The reviewing court cannot reverse the findings of the Industrial Board unless it conclusively appears that the evidence upon which the Board acted was devoid of probative value or was so proportionately inadequate that the finding could not rest on a rational basis. Only if the evidence is so inadequate that a reasonable man would be compelled to reach a contrary result will

the decision of the Board be overturned. *Wanatah Trucking v. Baert* (1983), Ind. App., 448 N.E.2d 48, 50.

In the present case, the Industrial Board found that Elkins had a blood alcohol level between .07% and .08% at the time of the accident. A level of .10% or more represents prima facie evidence of intoxication for the purpose of proving that an individual is guilty of the offense of driving while intoxicated. IND.CODE § 9–11–1–7 (1983 Supp.)

Two hours after the accident, Elkins' blood was tested for alcohol content at Lourdes Hospital, Paducah, Kentucky. A DuPont ACA test revealed a blood alcohol level of .17%. Both Elkins and Dane Trucking presented expert testimony to estimate Elkins' blood alcohol level at the time of the accident.

The expert testimony conflicted. Elkins' expert estimated that the blood alcohol content was between .07% and .08% at the time of the accident. He testified that the DuPont ACA test overstated blood alcohol content. The DuPont ACA tests serum but Elkins' whole blood was tested. The expert accordingly adjusted the blood alcohol reading downward. The expert testified that Elkins' blood alcohol level increased after the accident as alcohol was absorbed into the bloodstream.

Dane Trucking's expert estimated that Elkins' blood alcohol content at the time of the accident was .17% to .20%. In the expert's opinion, the DuPont ACA test made the necessary adjustment for a reading of the whole blood and the time interval between the accident and testing reduced not increased Elkins' alcohol content.

Dane Trucking asks the reviewing court to reweigh the credibility of Elkins' expert witness. Dane labels the expert's testimony as erroneous, specious and incredible.

■ Where the evidence is conflicting, the reviewing court may not reweigh it or rejudge the credibility of the witnesses. That is the function of the Industrial Board. *Holloway v. Madison–Grant United Sch. Corp.* (1983), Ind.App., 448 N.E.2d 27, 31.

■ The testimony of Elkins' expert provided evidence of probative value to support the Board's finding that Elkins had a blood alcohol between .07% and .08% at the time of the accident. An examination of the record disclosed conflicting evidence. When evidence conflicts and is susceptible to different conclusions, the Industrial Board is affirmed.

■ Appellant next argues that the Industrial Board erred in failing to find that intoxication caused Elkins' accidental injury. To sustain a valid defense, the evidence must show that intoxication was the proximate cause of the injury in question. Small, *Workmen's Compensation Law of Indiana,* Section 11.1, p. 317 (1950). The Industrial Board found that Dane Trucking failed to prove that Elkins' intoxication proximately caused his injuries. The Board found that the accident occurred after Elkins leaned forward to see out the rearview mirror. When Elkins returned to an upright position, he jerked the steering wheel to the left causing the tractor trailer and its top heavy load to turn over.

Dane Trucking's own expert on truck driving safety admits the accident could have occurred without intoxication.

"Q. Okay, now let me ask you this: Could this accident have happened exactly the way Mr. Elkins described it without any alcohol being involved?

A. Yes, it could have."

■ Dane Trucking failed to persuade the Industrial Board of a causal connection between alcohol consumption and the accidental injury. Dane failed to present uncontradicted evidence that the Industrial Board erred on this issue.

Dane Trucking finally argues that the Industrial Board erred in failing to find that the commission of an offense or the knowing failure to perform a statutory duty proximately caused Elkins' injury.

■ Dane contends that Elkins committed the offense of driving while intoxicated and the violation proximately caused his injuries. The Industrial Board found that

Elkins' blood alcohol content was under .10% at the time of the accident and intoxication did not proximately cause the accident. The Industrial Board relied on sufficient evidence of probative value to make these findings.

Dane argues that Elkins' knowing failure to perform a statutory duty proximately caused his injuries. Elkins admittedly violated Federal Highway Administration Regulations by consuming alcohol while operating a truck for hire. It is of course implicit that before any type of misconduct will be held sufficient to bar a recovery of compensation it must be the proximate cause of the harm for which compensation is sought. Small, *Workmen's Compensation Law of Indiana, supra,* at 316.

Dane Trucking failed to persuade the Industrial Board that violation of the federal regulation proximately caused the accidental injury. Dane Trucking failed to show that the evidence leads inescapably to a conclusion contrary to that determined by the Industrial Board.

AFFIRMED.

GARRARD, P.J., and NEAL, J., concur.