**Robert T. GLENN, Appellant (Plaintiff Below),**

v.

**BOARD OF COMMISSIONERS, HARRISON COUNTY, INDIANA, Appellee (Defendant Below).**

**No. 93A02–8908–EX–397.**

Court of Appeals of Indiana, Fourth District.

Jan. 30, 1990.

Publication Ordered April 10, 1990.

Gary Becker, Becker Law Office, Lousiville, Ky., for appellant.

Richard W. Guthrie, Stewart & Irwin, Indianapolis, for appellee.

CONOVER, Judge.

Plaintiff–Appellant Robert Glenn (Glenn) appeals the Worker's Compensation Board's (Board) denial of benefits for a disabling heart attack which occurred during his employment with Defendant–Appellee, Board of Commissioners, Harrison County (Commissioners).

We affirm.

The sole issue Glenn presents for our review is whether the Board's decision to deny benefits is contrary to law.

Glenn was employed as a working foreman by the Harrison County Highway Department. In April, 1981, Glenn suffered a disabling heart attack after a morning of patching asphalt holes. Glenn had suffered chest pains for two weeks prior to the attack including both the night before, and the morning of the attack. The attack left Glenn unable to work. A Hearing Judge for the Board, denied Glenn's Form 9 application for benefits, finding:

> At the hearing the parties stipulated and agreed that plaintiff was an employee of the defendant on April 17, 1986, at an average weekly wage of $249.60; that he did have a heart attack on that date and that there is a disagreement between the parties as to whether or not the heart attack arose out of and in the course of his employment.
>
> That the deposition of Ronald R. Masden, M.D., taken on December 21, 1988, was admitted in evidence; that Plaintiff's Exhibit 1, being Medical Records, was also stipulated into evidence.
>
> That in the event it's found to be a compensable claim, the Hearing Judge will order statutory medical to be paid.
>
> Said Hearing Judge having heard the stipulation and evidence and having reviewed the file and being duly advised in the premises, now adopts as findings the above stipulation.
>
> It is further found that on or about April 17, 1986, the plaintiff was performing his usual and normal occupation for the defendant and specifically, on said date, was patching holes in the highway which required him to shovel materials from the bed of a dump truck onto the ground below; that while so performing said duties he became short of breath and felt pain in his chest area, which pain he had noticed intermittently within two prior weeks. Thereafter, he sought immediate medical treatment by Dr. Ronald Masden, who diagnosed him having a coronary atherosclerotic heart disease, and that he had suffered, as a result of said disease, an occlusion of the left anterior descending coronary artery, resulting in anteroseptal myocardial infarction.
>
> It is further found from all the credible medical evidence that the coronary atherosclerotic heart disease was ongoing for many years and simply became a symptomatic on or around the 17th of April, 1986.
>
> It is further found from the credible medical evidence that the plaintiff's myocardial infarction was unrelated to his employment.
>
> Said Hearing Judge now finds for the defendant and against plaintiff on plaintiff's Form 9 application filed April 15, 1988.

### AWARD

> IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Worker's Compensation Board of Indiana that plaintiff take nothing by his Form 9 application filed April 15, 1988.

(R. 11–12). The Full Worker's Compensation Board affirmed the decision. Glenn appeals.

██ When reviewing the Board's decision, we must disregard all evidence unfavorable to their findings. *Eastham v.*

*Whirlpool Corp.* (1988), Ind.App. 3 Dist., 524 N.E.2d 23, 26, *trans. denied.* We consider only facts and reasonable inferences which support the Board's findings. *Kerchner v. Kingsley Furniture Co., Inc.* (1985), Ind.App. 1 Dist., 478 N.E.2d 74, 76, *reh. denied, trans. denied.* We examine the record only to determine whether substantial evidence or inferences support the Board's findings and conclusions. *Wanatah Trucking v. Baert* (1983), Ind.App. 3 Dist., 448 N.E.2d 48, 50, *reh. denied.* We cannot reverse the Board's findings unless it conclusively appears the evidence was devoid of probative value or was so proportionately inadequate the finding could not rest on a rational basis; we will overturn the Board's decision only if evidence is so inadequate a reasonable man would be compelled to reach a contrary result. *Dane Trucking Co. v. Elkins* (1988), Ind.App. 3 Dist. 529 N.E.2d 117, 120–121, *reh. denied, trans. denied.* When the evidence conflicts and is susceptible to different conclusions, the Board is affirmed. *Id.*, at 121.

Glenn contends the Board's decision is contrary to law. He maintains the deposition testimony of Dr. Ronald Masden, a cardiologist, unequivocally established causation when he concluded Glenn's heart disease became symptomatic the day of the attack. Glenn further maintains the attack was the unexpected result of his employment activities, thus compensable under I.C. 22–3–6–1(e).[1] We disagree.

It is the claimant's burden in the first instance to prove his right to compensation. *Robinson v. Twigg Industries, Inc.* (1972), 154 Ind.App. 339, 289 N.E.2d 733, 735, quoting *Dooley v. Richard's Standard Service* (1969), 145 Ind.App. 470, 251 N.E.2d 449, 450. Before there can be compensation there must be a causal connection between the injury and the employment at the time of disability. *Evans v. Yankeetown Dock Corp.* (1986), Ind., 491 N.E.2d 969, 975, *reh. denied.* Causation may be addressed under the statutory language "arising out of." Once it is determined there is an injury by accident, defined as an unexpected injury, *Evans, supra,* at 975, the issue becomes whether the injury arose out of and in the course of employment, not whether the injury resulted from the ordinary events of employment. That is to say, whether the injury is causally connected to the employment. *Eastham, supra,* at 28, n. 2, relying on *Hansen v. Von Duprin, Inc.* (1987), Ind., 507 N.E.2d 573, 576.

Additionally, the law does not impose on an expert the requirement of exact certainty. *Noblesville Casting Division of TRW, Inc. v. Prince* (1982), Ind., 438 N.E.2d 722, 731. Expert medical opinion given with less than reasonable certainty is not sufficient standing alone, to support a verdict. *Colaw v. Nicholson* (1983), Ind. App. 1 Dist., 450 N.E.2d 1023, 1030. However, the fact finder, in this case, the Board, weighs the evidence and determines the credibility of an expert's opinion based on the evidence presented and the degree of certitude with which the opinion is cast. *Strong v. State* (1989), Ind., 538 N.E.2d 924, 931; *Noblesville, supra,* at 729. Expert opinion regarding causation may be admissible yet insufficient to support the desired result. *Strong, supra,* at 930. The degree of certainty in which an opinion or conclusion is expressed concerns the weight to be accorded the testimony, which is a matter for the finder of fact to resolve. *Noblesville, supra,* at 731.

Here, Glenn's witness, Dr. Masden, concluded Glenn suffered from atherosclerotic heart disease and suffered an occlusion of the left anterior descending coronary artery, resulting in anteroseptal myocardial infarction. In other words, the disease became symptomatic. Although Masden did not testify whether there was any causal connection between Glenn's heart attack and his employment, Glenn argues this statement implies the heart attack was caused by his employment activities. The record contains probative evidence of Glenn's preexisting heart condition and evi-

---

1. I.C. 22–3–6–1(e):
    (e) "Injury" and "person injury" mean only injury by accident arising out of and in the course of the employment and do not include a disease in any form except as it results from the injury.

dence of chest pains for two weeks prior to the attack. In fact, Edward Deatrick, Glenn's supervisor, testified Glenn complained of chest pains when he reported for work the morning of the attack yet he refused to go home. While a pre-existing condition will not preclude recovery, *Hansen, supra,* at 577, the Board found no causal connection between Glenn's injury and employment.

Glenn failed to show the evidence leads inescapably to a conclusion contrary to the Board's. Ample evidence supports the findings of the Board.

Affirmed.

MILLER and BAKER, JJ., concur.