BAKER, Judge.

Today we are asked to determine whether an intoxicated worker who is unaware of his intoxication and is injured in the scope of his employment as a result of his intoxication may collect worker's compensation benefits. We hold the plain language of IND.CODE 22–3–2–8 prohibits the intoxicated worker from collecting the benefits.

**Melvin Dean DECKARD,**
**Appellant–Plaintiff,**

v.

**BLOOMINGTON CRUSHED STONE**
**COMPANY, Appellee–Defendant.**

**No. 93A02–9201–EX–4.**

Court of Appeals of Indiana,
First District.

April 13, 1992.

## FACTS AND PROCEDURAL HISTORY

This case arose when plaintiff-appellant Marvin Dean Deckard was severely injured while working in the scope of his employment for defendant-appellee Bloomington Crushed Stone. Deckard, a long-time employee of Bloomington Crushed Stone, was employed to drive an 85 ton dump truck laden with stone from the quarry to the crusher located above the quarry, unload the stone, and return for more.

On August 14, 1989, the day before Deckard's accident, Deckard worked his regular 5:30 a.m. to 4:30 p.m. shift. He and his wife spent that evening playing cards with his wife's parents. Deckard drank twelve beers or so and although his wife "could tell he'd been drinking," *record* at 399, he was coherent and did not stumble or fall before retiring for the night at 11:00 p.m.

Deckard's wife awoke him the next morning at about 4:25 a.m. Deckard ate a sandwich, drank coffee, took some Alka–Seltzer, and left his in-law's home just in time to make it to work at 5:30 a.m. Deckard immediately undertook his work. At about 7:20, Deckard left his truck to speak with the crusher operator. When he returned, he forgot to re-fasten his seat belt. Deckard reported that five minutes later, at about 7:25 a.m., he momentarily closed his eyes because of a burning sensation caused by exhaust fumes in the cab. Within an instant his left front tire left the roadway and the truck tumbled down the embankment. Deckard was thrown clear of the vehicle. He suffered two crushed vertebrae and shattered the heel of his left foot. An hour later, at 8:50 a.m., doctors at the Bloomington Hospital took a blood

William R. Groth, Fillenwarth, Dennerline, Groth & Towe, Indianapolis, for appellant-plaintiff.

Robert J. Wicker, Bargersville, for appellee-defendant.

sample while treating Deckard. This sample established that approximately an hour after his accident, Deckard's blood alcohol content was .106.

Deckard filed his application for worker's compensation with the Worker's Compensation Board (the Board) on September 11, 1989. Bloomington Crushed Stone raised two defenses: 1) Deckard's intoxication and 2) his failure to re-fasten his seat belt in violation of company policy as expressed in meetings and on stickers posted inside the cab of the truck Deckard was operating.

The hearing officer found in favor of Bloomington Crushed Stone on the intoxication issue and against it on the seat belt issue. The ruling regarding the intoxication issue was enough to deny Deckard's claim for medical, disability, and impairment benefits. Deckard appealed the hearing officer's decision to the full seven member Board.

The Board heard extensive testimony concerning the accident and the issue of intoxication, including the expert witness testimony of Dr. Joseph Zabik, a Professor of Pharmacology and Toxicology at Purdue University. Dr. Zabik testified that a man of Deckard's age, height, and weight who drank 12 beers over a four hour period would have a maximum blood alcohol content of .225, and that alcohol was metabolized at an average rate of .015 per hour, and that a blood alcohol content of .225 would be reduced to .052 after eleven hours (.225 − (.015 × 11.5 hours)). Dr. Zabik further testified that a blood alcohol content as low as .03 in a man of Deckard's age, height, and weight affects vision, judgment, and the ability to concentrate. At .05 the higher intellectual functions are significantly affected.

The Board concluded Deckard was intoxicated at the time of the accident and that Deckard's intoxication caused the accident. It found his blood alcohol level was .113 at the time of the accident. The Board denied Deckard's claim for benefits on the basis of his intoxication. The Board did rule, however, that although Deckard was not wearing his seat belt when the accident occurred, he did not knowingly violate any safety regulation. Deckard now appeals the Board's ruling on the intoxication issue; Bloomington Crushed Stone cross-appeals, challenging the Board's resolution of the seat belt issue.

## DISCUSSION AND DECISION

"The purpose of the Workmen's Compensation Act [is] to provide a remedy to those workmen injured in the course of employment without having to resort to lengthy litigation or face the threat of losing a claim due to contributory negligence, assumption of risk, or the fellow servant rule." *Hass v. Shrader's, Inc.* (1989), Ind. App., 534 N.E.2d 1119, 1121, *trans. denied.* To recover under the Act, an employee must show only that his injuries were the result of an accident arising out of and in the course of his employment. IND.CODE 22–3–2–2. An exception, however, is given in IND.CODE 22–3–2–8, which reads as follows:

> Sec. 8. No compensation is allowed for an injury or death due to the employee's knowingly self-inflicted injury, his intoxication, his commission of an offense, his knowing failure to use a safety appliance, his knowing failure to obey a reasonable written or printed rule of the employer which has been posted in a conspicuous position in the place of work, or his knowing failure to perform any statutory duty. The burden of proof is on the defendant.

"To sustain a valid defense, the evidence must show that intoxication was the proximate cause of the injury in question." *Dane Trucking Co. v. Elkins* (1988), Ind. App., 529 N.E.2d 117, 121, *trans. denied.* The reviewing court cannot reverse the findings of the Board unless it conclusively appears that the evidence upon which the Board acted was devoid of probative value or was so proportionately inadequate that the finding could not rest on a rational basis. *Id.* at 120. Here, the Board found that Bloomington Crushed Stone satisfied its burden by proving Deckard was intoxicated at the time of his accident and that

his intoxication proximately caused his accident and ensuing injuries. *Record* at 49.

Deckard asks us to reverse and remand the Board's decision "because, based upon a review of the record, there is no evidence that Deckard engaged in any willful misconduct which justifies the Board's denial of benefits to him." *Brief of Appellant* at 9. He argues he was unaware that his off-duty drinking was enough to render him intoxicated several hours after he stopped drinking; he believed he had slept off the effects, and points to the two hour accident-free work period before the accident. He insists "[his] conduct in consuming a quantity of beer the evening before his scheduled work the following morning may have been careless or at most negligent, but his alleged intoxication the following morning at the time of the accident was not willful in that he was unaware of his alleged intoxicated condition." *Brief of Appellant* at 10. He contends the Worker's Compensation Act is in derogation of common law and must therefore be liberally construed to accomplish its humanitarian purposes.

We disagree with the gravaman of Deckard's argument, that the Board was required to determine Deckard's intoxication constituted willful misconduct before it could deny his claim. In support of his position, Deckard relies on the early versions of the Act which did, in fact, require willful misconduct to establish a defense under Section 8. *See DeMichaeli & Assoc. v. Sanders* (1976), 167 Ind.App. 669, 340 N.E.2d 796 (White, J., dissenting). The requirement of "willfulness" in Section 8 has undergone many amendments since the section was originally drafted. By 1975, the willfulness requirement was associated with only four forms of behavior: self-inflicted injuries, refusal to use a safety appliance, refusal to obey a printed rule of the employer, and refusal to obey a statutory duty. *Id.* 340 N.E.2d at 805. In fact, the *DeMichaeli* majority found that at that time the language of Section 8 was "not elastic enough to require the application of 'willful and intentional' to the specified defenses of intoxication, felony, and misdemeanor." *Id.* In 1978, the legislature

eliminated the word "willful" from Section 8 entirely. 1978 Ind. Acts Pub.L. No. 2 § 2209.

■ We find no ambiguity in the statute. No compensation is allowed for an injury or death due to the employee's intoxication. The Board had ample evidence to support its finding that Deckard was intoxicated at the time of the accident and that the intoxication caused the accident. Deckard argues the Board erred "by implicitly relying on I[ND]. C[ODE] 9–13–2–131 [establishing a .10 blood alcohol content as *prima facie* evidence of intoxication in the operating while intoxicated context] in concluding that [he] was intoxicated within the meaning of I[ND]. C[ODE] 22–3–2–8." *Brief of Appellant* at 13. We disagree. The Board did not state it relied on the criminal statute to determine Deckard was intoxicated; it simply found Deckard operated his dump truck with a blood alcohol content in excess of .10. There was ample evidence before the Board on which it could have reasonably concluded Deckard was intoxicated at the time of the accident: his heavy consumption of alcohol the night before, his grogginess and drowsiness, his lack of concentration, and the results of his blood test showing his blood alcohol content to be .106 an hour after the accident. In any event, Deckard has not seriously argued he was not intoxicated at the time of the accident; he argues only that he was unaware he was intoxicated. Bloomington Crushed Stone easily met its burden of proof.

We are not at all persuaded by Deckard's argument that sound public policy demands a finding of willful misconduct in order to deny a claim. Deckard contends that

"such a narrow reading of the statute would ... deny the protections of the Act to an employee injured in the scope of his or her employment because of legal, off-duty alcohol consumption occurring many hours before the employee reported for work, simply because the employee neglected to calculate that his drinking could leave him with a blood alcohol content of .10 the following morning even after a night's sleep.

*Brief of Appellant* at 14. In response to this contention, we simply note that our reading of the statute seems to us to comport precisely with the plain language recorded therein. We do not presume to characterize Deckard's intoxication the evening before as "willful," "negligent," or anything of the sort. Deckard is, of course, perfectly free to do as he wishes after working hours. What the legislature condemns, rather, is the worker who appears at his job in an intoxicated condition and who then is injured in an accident caused by that intoxication. Contrary to Deckard's position, we find the legislative policy to deny worker's compensation benefits in such circumstances sound indeed. That the worker was unaware of his intoxicated condition matters not at all.

Because we hold the Board properly denied benefits on the basis that Deckard's intoxication caused his injuries, we need not address Bloomington Crushed Stone's seat belt issue on cross-appeal. The judgment is affirmed.

RATLIFF, C.J., and STATON, J., concur.